## COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1862, AT PROVIDENCE.

| 7 | 199 |
| 11 | 460 |
| 11 | 461 |
| 14 | 383 |
| 14 | 387 |
| 14 | 388 |

| 7 | 199 |
| d21 | 139 |

| 7 | 199 |
| 24 | 225 |

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. J. RUSSELL BULLOCK, }

---

## Anson W. Aldrich v. George A. Howard.

The "act concerning the erection of wooden buildings in the City of Providence," passed in October, 1843, imposes the duty upon a person building within the prescribed limits, in the City of Providence, of building in the manner, of the materials, and of the size enacted; and as the pecuniary penalties fixed by the act are divided between the city and the State, they are in punishment of the public offence only; and an adjoining proprietor, specially injured by a violation of the statute, has his redress by action of the case against the violator.

This was an action on the case, the 4th and 5th counts of the declaration in which were as follows:—

4th count. And also for that, by an act of the General Assembly of the State of Rhode Island, passed at the October session

thereof, A. D. 1843, and from thence and now in full force and operation, it was, amongst other things, provided, that after the passing of such act,—No buildings of any kind whatever, which should be more than eighteen feet from the ground to the highest point of the roof thereof, measuring on that side of the building next to the highest part of the lot on which it may stand, shall be erected or built within the limits thereinafter described in said act, in the City of Providence, unless such building be constructed of such materials and be situated in such manner as is thereinafter described, to wit: if such building be more than eighteen feet high, and not more than forty feet high, measuring as aforesaid, to be used for a dwelling house, and for no other purpose, (unless by permission of the board of aldermen of said city,) the same might be of wood, provided that the floors be laid in mortar, the sills rest upon walls of brick or stone, the roof be covered with slate, tile, metal, or shingles laid on mortar, and have at least one window or scuttle in the same; the building in no case to cover a greater surface than two thousand feet. And in and by said act, it was further provided, that every such building, unless erected within five feet of the boundary line of the owner or owners of the land on which it might be built, (unless such boundary line should be on a public highway,) should have a brick wall at least seven inches thick, or a stone wall at least twelve inches thick, on the side next to said boundary line; and that every such building, when erected within ten feet of any other building, the highest point whereof should be more than eighteen feet from the ground, should have a wall of the same description on the side thereof next to such other building, unless said last mentioned building should have a similar wall on the corresponding side thereof; and that between every two adjoining buildings of the foregoing description there should be built an entire partition wall of brick or stone, of the thickness aforesaid, and of such height as that no part of the top of the wall should be less than two feet above the surface of the roof. And in and by said act, it was further provided, that no building of any kind whatever, which should be more than eighteen feet from the ground, measuring as before stated in said act and as aforesaid, (other than such as is thereinbefore in said act described and as aforesaid,) should be

erected or built within the limits in said act described and established, in said city, unless all the external sides and ends thereof (except such as might be necessary for doors and windows,) be constructed of brick or stone; if of brick, not less than seven inches, if of stone, not less than twelve inches, in thickness. And in and by said act, it was further provided, that that part of said City of Providence on the west side of the river, lying southward and eastward of a line beginning one hundred feet north of Westminster street at its junction with High street, and extending eastward holding the distance of one hundred feet from Westminster to Union street, -then extending north through Union street to the salt water, should be a part of said city (amongst certain other parts described in said act), in which the restrictions and prohibitions contained in said act as aforesaid should operate and have force and effect. And the plaintiff avers, that said act was intended to prevent buildings being erected within said limits in said City of Providence, of a nature and character dangerous to other buildings near to the same, in case of fire. And the plaintiff avers, that before and at the time of the grievances hereinafter set forth, he, the said plaintiff, was possessed of a certain large brick dwelling house, situate on Baker street in said Providence, and that until the committing the grievances hereinafter mentioned, he, the plaintiff, was accustomed to dwell therein without exposure or danger to fire from any neighboring building whatever, and that said plaintiff was accustomed to procure insurance on said dwelling house at a small cost and expense. And the plaintiff avers that said Howard, wrongfully intending to injure the plaintiff, on, to wit, the first day of September, A. D. 1860, wrongfully built, erected and constructed within the limits of said City of Providence where the aforesaid prohibitions and restrictions of said act apply, to. wit; on the corner of Baker and Washington streets, in said city, a large wooden building, with intent to use the same as a public livery stable; said building covering. a greater surface of land than two thousand square feet, to wit, six thousand square feet, and the external sides and ends thereof being of wood, and not of brick or stone, and said building being more than eighteen feet high, to wit, twenty feet from the ground to the highest part of

Aldrich v. Howard.

the roof thereof, measuring on that side of the building next to the highest part of the lot on which said building stands; and said building is within two feet of the northerly side of said dwelling house of the plaintiff, for the whole length of said dwelling house, and was erected without permission of the board of aldermen of said city first had and obtained. And the plaintiff avers, that the said defendant, from the time of said erecting of said building to the time of the commencement of this action, and from thence hitherto, has maintained, and still maintains said building, in violation of the said provisions of the said act concerning the erection of buildings in said city of Providence, hereinbefore set forth. And the plaintiff avers, that in consequence of the erection and maintaining of said stable as aforesaid, and in consequence of the proximity thereof to the said dwelling house of the plaintiff, said dwelling house has been and is much exposed to danger and destruction by fire, and the lives of the plaintiff and his family are much endangered, and the plaintiff has been obliged to pay out large sums, in addition to what he paid before the said stable was erected, in procuring insurance upon his said dwelling house, and has suffered other great loss and damage thereby.

5th count. And also, for that the said plaintiff, before and at the time of the grievances hereinafter mentioned, was seized and possessed, in his own demesne as of fee, of a certain brick dwelling house, situate on Baker street in said Providence, and was also the owner of a block of stores or shops on Washington street in said city, and was also the owner of a large public hotel, called the Aldrich House, situate on said Washington street. And the plaintiff avers, that it has been his practice and custom to occupy a part of said dwelling house himself, with his family, and to lease the remaining part thereof to tenants; and that he has also been accustomed to let the said shops and the said hotel to tenants, occupying the same. And the plaintiff avers, that until the committing the grievances hereinafter mentioned, he, the said plaintiff, and his family, and his tenants, occupied said dwelling house in safety, without any danger or exposure to fire whatever; and the tenants of said shops, and the tenants and occupants of said hotel were accustomed to occupy the said shops and the .

Aldrich *v.* Howard.

said hotel, respectively, in safety, and without danger from, or exposure to, fire; and the said plaintiff was accustomed to receive large sums as rent from the said tenants so occupying a part of said dwelling house, and the said shops and hotel as aforesaid; and he, the plaintiff, was accustomed to procure insurance on his said dwelling house, block, and hotel, at low rates of insurance. And the plaintiff avers, that before the committing the grievances hereinafter mentioned, an act was passed by the General Assembly of this State, at, to wit, their October session, A. D. 1843, concerning the erection of buildings in the said City of Providence, which said act, from thence, has been, and still is, in full force and operation; and that certain of the provisions of the said act are set forth in the count immediately preceding this count of this declaration, and said provisions are hereby referred to, and made part of this count. And the plaintiff avers, that the said act, amongst other things, was intended to prevent buildings being erected within the limits therein set forth, in said City of Providence, of a nature and character dangerous to other buildings near to the same, in case of fire. And the plaintiff avers, that said defendant, wrongfully and unjustly intending to injure the plaintiff, on, to wit, the first day of September, A. D. 1860, built, erected, and constructed, and has since maintained, and still maintains, within the limits of said City of Providence, where the prohibitions and restrictions of said act apply, to wit, on the corner of Baker and Washington streets in said city, a certain large wooden building, with intent to use the same as a public livery stable; said building covering a greater surface of land than two thousand square feet, to wit, six thousand square feet, and the external sides and ends thereof being of wood, and not of brick or stone, and being more than eighteen feet high, to wit, twenty feet high from the ground to the highest point of the roof thereof, measuring on that side of the building next to the highest part of the lot on which said building stands; and said building is within twenty-eight inches of the northerly side of said dwelling house, for the whole length of the said dwelling house, and is within less than one foot of the eastely side of said block of stores, for the whole length of said block, and is nearly opposite to said hotel, and not more than fifty feet therefrom;

and said building was erected by said Howard without permission of the board of aldermen of said city of Providence, first had and obtained. And the plaintiff avers, that said building was erected, and has been, and is still, maintained by the said Howard, in violation of the said provisions of said act. And the plaintiff avers, that in consequence of the erecting and maintaining of said building in manner aforesaid, the said dwelling house of the plaintiff has been, and is, much exposed to damage, injury, and destruction by fire, and the lives of his family and himself and of his tenants in his said dwelling have been much endangered, and the plaintiff and his family and his tenants have been subject to much anxiety of mind; and the said hotel and the shops have been also much exposed to danger and destruction by fire from said stable, and the lives of the occupants of said shops and said hotel have been much endangered; and the said plaintiff, in consequence, has been obliged to abate and lessen the rent of said shops and hotel, and of that part of his said dwelling house leased by him as aforesaid; and the plaintiff has been obliged to pay out large sums, in addition to what he was accustomed to pay before the building of said stable, in procuring insurance upon said dwelling house, block of stores, and hotel, and has also sustained other great loss and damage.

To these counts the defendant pleaded three pleas:—

*First.* That he had never been convicted upon any criminal complaint, warrant, information, or indictment, of the offences or matters, or either of them, in said counts of the plaintiff's declaration, or either of them, set out or complained of, or for the violation of the statute, in said fourth and fifth counts of the plaintiff's declaration, or either of them, referred to; nor is there any record of any such conviction remaining in any court of this State.

*Second.* That there is now pending against this defendant, in this honorable court, an indictment in behalf of the State, for the same alleged violations of said statute, as in said fourth and fifth counts of the plaintiff's declaration are set forth and complained of.

*Third.* That there is now pending against this defendant, in this honorable court, an indictment in behalf of the State, found at the instance and instigation of the plaintiff, for the same

alleged violations of said statute as in said fourth and fifth counts of the plaintiff's declaration are set forth and complained of.

To these pleas the plaintiff demurred, generally, and the defendant joined in demurrer.

The act upon which the fourth and fifth counts of the declaration were founded was as follows :—

" *An act concerning the erection of buildings in the City of Providence.*

(Passed October, 1843.)

" *It is enacted by the General Assembly, as follows :—*

" SECTION 1.   After the passing of this act, no building of any kind whatever, which shall be more than eighteen feet high from the ground to the highest point of the roof thereof, measuring on that side of the building next to the highest part of the lot on which it may stand, shall be erected or built within the limits hereinafter described, in the City of Providence, unless such building be constructed of such materials, and be situated in such manner as is hereinafter described, to wit: If such building be more than eighteen feet high, and not more than forty feet high, measuring as aforesaid, to be used for a dwelling house, and for no other purpose, (unless by permission of the board of aldermen of said city,) the same may be of wood, provided that the floors be laid on mortar; the sills rest upon walls of brick or stone; the roof be covered with slate, tile, metal, or with shingles laid on mortar, and have at least one window or scuttle in the same; the building in no case to cover a greater surface than two thousand square feet.   Every such building, when erected within five feet of the boundary line of the owner or owners of the land on which it may be built, (unless said boundary line be on a public highway,) shall have a brick wall at least seven inches thick, or a stone wall at least twelve inches thick, on the side next to said boundary line.   Every such building, when erected within ten feet of any other building, the highest point whereof shall be more than eighteen feet from the ground, shall have a wall of the same description, on the side thereof next to such other building, unless said last mentioned building shall have a similar wall on

the corresponding side thereof. And between every two adjoining buildings of the foregoing description there shall be built an entire partition wall of brick or stone, of the thickness aforesaid, and of such height as that no part of the top of said wall shall be less than two feet above the surface of the roof.

"Sec. 2. No building of any kind whatever, which shall be more than eighteen feet high from the ground, measuring as aforesaid, (other than such as is hereinbefore described,) shall be erected or built within the limits in this act described and established in said city, unless all the external sides and ends thereof (except so much as may be necessary for doors and windows) be constructed or built of brick or stone; if of brick, not less than seven inches; if of stone, not less than twelve inches in thickness."

"Sec. 3. All double houses, and all buildings which are separated from other buildings by a partition within said limits, shall have a partition between them of brick or stone, of the thickness aforesaid. And all additions which shall be made to buildings already erected, and all buildings which shall be erected on old foundations, in part or in whole, shall be of brick or stone. *Provided, however,* that no addition or erection of brick or stone superstructure shall be made upon wooden buildings, or upon sides, ends, or foundations of wood.

"Sec. 4. No wooden buildings shall be removed from without, to any place within said limits, nor from one place to another within said limits, unless by permission of the city council. No wooden building heretofore erected within said limits, and now used for a dwelling house, shall be hereafter used therein for any other purpose, unless by permission of the board of aldermen, and under such restrictions and conditions as they may prescribe.

"Sec. 5. The several parts of the City of Providence, comprised and lying within the following limits and bounds, shall be and they are hereby established as containing all the parts of said city in which the foregoing restrictions and prohibitions contained in this act shall operate, and have force and effect, to wit: that part of said city on the west side of the river lying southward and eastward of a line beginning one hundred feet north of Westminster street, at its junction with High street, and extending

Aldrich *v.* Howard.

eastward, holding the distance of one hundred feet from West-minster street to Union street; then extending northerly through North Union street to the salt water; and that part lying north-erly and easterly of a line beginning one hundred feet south of High street, at its junction with Westminster street, and extend-ing easterly to a point on the north line of Pawtuxet street, one hundred feet from the south line of High street; then continuing on the north line of Pawtuxet street to its junction with Broad street; then beginning on the east side of Chestnut street, one hundred feet from its junction with Broad street, and running eastward, holding the distance of one hundred feet from Broad street to Richmond street; then beginning on the east line of Richmond street, one hundred and fifty feet from Broad street, and running eastward, holding the distance of one hundred and fifty feet from Broad street to Dorrance street; thence extending southerly through Dorrance street to the river; all that part of the town on the east side of the river lying westward of a line beginning one hundred feet east of Benefit street, at the junction of said street with Wickenden street, and extending north, hold-ing the distance of one hundred feet from Benefit street, to the range of the south line of Star street.

"SEC. 6. No building of any kind whatever, which shall be more than forty feet high, measuring as aforesaid, and which shall not have all its external sides, excepting so much as shall be necessary for doors and windows, constructed of brick or stone, if of brick, not less than seven inches, if of stone, not less than twelve inches in thickness, shall be erected or built within the following districts of said city, viz. : that part of the city on the west side of the river lying between the water and a line drawn from the Cove through Sabin street to Atwell's avenue, through Atwell's avenue to Dean street, through Dean street to a point two hundred feet north of the northerly line of High street; thence westerly, keeping two hundred feet north of said north-erly line to Love lane; thence through Love lane, across High street and through Knight street to Cranston street; thence through Cranston street to Pearl street; through Pearl street to Pawtuxet street, through Pawtuxet street to Stewart street, through Stewart street or the continuation thereof to Friendship

street, through Friendship street to Plane street, through Plane street to Point streeet, and through Point street to the river; and that part of the city on the east side of the river lying between the water and a line drawn from the river in the direction of Wickenden street, to strike the northerly line of said street and by said northerly line to Brook street; thence through Brook street to Power street, through Power street to the westerly line of Brown streeet; thence by said westerly line and the continuation thereof northerly to Angell street; thence through Angell to Prospect street, through Prospect to Meeting street, through Meeting street to a point two hundred feet east of the easterly line of Benefit street; thence northerly keeping two hundred feet east of said easterly line to the range of the southerly line of Star street; thence to the water by said southerly line and the range thereof.

" SEC. 7. No steam boiler shall hereafter be erected and put in operation in said city, unless by permission of the board of aldermen of said city; and no steam boiler already erected, or which shall hereafter be erected, shall be continued in operation in said city, unless under such restrictions, regulations and conditions as said board of aldermen may prescribe.

" SEC. 8. Every person who shall erect, construct, or add to, or cause to be erected, constructed, or added to any building, or who shall put or continue in operation any steam boiler in said city, contrary to the true intent and meaning and against the provisions or any of the provisions of this act, shall forfeit and pay a fine of not less than one hundred dollars, nor more than five hundred dollars, according to the nature and aggravation of the offence; to be recovered by indictment before, or information in, the Supreme Court, which it shall be the duty of the attorney-general to file, in all cases which may come to his knowledge.

" SEC. 9. In addition to the fines above mentioned, there shall be laid and assessed upon every house and other building which shall be erected, constructed, or added to, contrary to the provisions or any of the provisions of this act, the sum of fifty dollars annually and every year, until brick or stone walls shall be erected as above provided, and until the same shall be effectually secured against fire, according to the provisions of this act;

and it shall be the duty of the board of aldermen aforesaid to return to the assessors of said city, annually, a list of all such houses and other buildings as are erected, constructed, or added to, against the provisions or any of the provisions of this act, together with attested copies of the record of the conviction of the person or persons who erected, constructed, or added to the same, before the Supreme Court; and thereupon it shall be the duty of the said assessors to assess upon the owner or owners of such building or buildings, for the time being, the said sum of fifty dollars, annually, in addition to his, her, or their taxes; which shall be recovered and collected in the same way and manner as other taxes are or may be recovered and collected; and the same remedy is hereby given to the collector or collectors of taxes for the recovery thereof; *provided, nevertheless,* that no such building or buildings, or the owner or owners thereof, shall be subjected to such annual tax, until an attested copy of the record of said conviction shall have been duly recorded in the office of the city clerk of said city, whose duty it shall be to receive and record the same.

"SEC. 10. Every person who shall operate any steam boiler, or use or occupy any building of a description set forth in this act, otherwise than in conformity with the same, shall forfeit and pay for each offence a sum not less than fifty dollars, nor more than five hundred dollars, together with all costs of prosecution, to be recovered in an action of debt, in the name of the treasurer of said city, before any court of competent jurisdiction. And any person who shall offend against this act, or any part thereof, by operating any steam boiler, or using or occupying, contrary thereto, any building hereby authorized to be erected, or herein described, and shall persist in such unlawful operation, use or occupation, after he or she shall have been required by the mayor or by the board of aldermen aforesaid, in writing, to discontinue the same, shall, for every thirty days during which he or she shall so persist, be deemed guilty of a new and separate offence, and shall be fined accordingly.

"SEC. 11. All corporations and the property of all corporations, which are otherwise exempt from taxation, shall be subject and liable to the provisions of this act, and to the penalties and

assessments therein provided in case of violation thereof; and written notice to the treasurer, or other officer usually receiving and paying out funds of such corporation, shall be sufficient fully to bind such corporation and its property.

" SEC. 12. All assessments, and one-half of all fines and penalties which shall be recovered under and by virtue of this act, shall accrue and inure to the use of said city, and be paid to the trea-.surer thereof; and the other half of said fine and penalties shall be paid into the general treasury.

" SEC. 13. It shall be the duty of the mayor and of each and every alderman in said city, and they and each of them are hereby required, to inquire after and give or cause to be given, information to the attorney general of all offences which may be committed against the true intent and meaning of this act.

" SEC. 14. The city council of said city are hereby authorized and empowered to extend the operation of this act, or of any of the provisions thereof, from time to time, to such other streets, places and districts within said city, as they shall deem expedient; and said act shall have full force and effect therein.

" SEC. 15. All laws relating to the erection of wooden buildings in any part of the town or City of Providence are hereby repealed; but all violations (prior to the passage of this act) of such laws or of any part thereof, and all assessments, fines or penalties incurred before the passage of this act, may be prosecuted for, recovered and collected, as if this act had not been passed."

*Currey, with whom was R. W. Greene, for the plaintiff:*—

I. The act concerning the erection of buildings in the City of Providence (Ordinances of the City of Providence, 78) prescribes the mode in which houses or other buildings must be erected in certain parts of said city. It creates an obligation upon owners and builders to construct all buildings precisely according to the terms of the act. The design of the act is, to protect the owners of buildings from the damage or destruction of their property from fire. It is an act for the benefit and protection of such owners, and vests a right in them to hold and possess their property free from nuisances of the character complained of in the fourth and fifth counts of the plaintiff's declaration.

II. In cases of public or common nuisances or violations of law, the offending party is liable to an indictment for the wrong or damage done to the public. Such a party is also liable to an action on the part of any individual who has suffered or sustained any particular or special wrong; and an action brought by an individual, for such wrong, is not barred by the pendency of the indictment in behalf of the State for the general wrong or damage. 1 Hillard on Torts, p. 77, § 12; see also pp. 78 and 79; *Stetson* v. *Faxon*, 19 Pick. 147; *Lansing* v. *Smith*, 4 Wend. 9.

III. That the liability of the defendant is created by statute, and not by the common law, is no bar to the present action. The same remedies exist in relation to liabilities created by statute, as to those created by the common law. The limitation is in cases when, by the express terms of the statute, a special remedy is given, and there are negative words excluding any others. 1 Hillard on Torts, p. 109, § 26; Ib. p. 76, and cases cited; *Couch* v. *Steel*, 77 E. C. Law, 3 *Ellis* v. *Blackwood*, 402.

IV. It is true that the 8th and 9th sections of the act (p. 83 of the City Ordinances) provide a penalty by indictment or information, for violation of the act; and the 12th section (Ib. 84) provides, that all assessments and one-half of all fines and penalties shall inure to the City of Providence, and the other half of such fines and penalties, to the State; but the plaintiff claims that these provisions of the act relate only to the general injury or damage done to the public; that there is nothing contained in the statute forbidding the bringing of suits for private or special damage, and that the penalty prescribed by the statute is simply cumulative upon the right of the individual to bring such actions. For similar cases, see *Couch* v. *Steel*, 77 E. C. Law, 402; *Barber* v. *Crocker*, 10 Pick. 383; *Hayes* v. *Porter*, 9 Shep. 113; *Rowning* v. *Goodchild*, 2 Wm. Bl. 909.

V. The plaintiff sets forth, in the fourth and fifth counts of his declaration, that he has suffered special and particular damage from the erection and maintenance of the defendant's stable. He is therefore entitled to have said counts supported, and his demurrer sustained.

*James Tillinghast, with whom was Bradley, for the defendant :*
The plaintiff's action, under these counts, is based entirely upon

the statute therein referred to,—generally called " the Wooden Building Act;" passed October, 1843. City Ordinances, 78–85. The pleas bring upon the record the facts, that an indictment for the same alleged violation of this statute of which the plaintiff now complains, found *at the instigation of the plaintiff*, is now actually pending in this court against the defendant, and that no conviction has yet been had thereon, or upon any other complaint whatever under this statute.

I. Where a statute merely prohibits the exercise of a common law right and imposes a penalty for its violation, recoverable in a specified mode, a private individual cannot maintain his common law action for its violation. *Stevens* v. *Jeacocke*, 11 Adol. and Ellis, (N. S.) 731 ; *Barden* v. *Crocker*, 10 Pick. 383 ; *Elder* v. *Bemis*, 2 Met. (per Wilde, J.) 604 ; 1 Chitty's Plead. (6 Am. ed.) 127, 128, 164. Many courts have so held, even where the statute confers a right upon the plaintiff, *e. g., Almy* v. *Harris*, 5 John. 175 ; *Long* v. *Scott*, 7 Blackford, 405 ; *Ward* v. *Severance*, 7 California, 126 ; *Shorter* v. *Smith*, 9 Georgia, 517.

II. And even where the violation of the statute amounts to a nuisance,—a *fortiori*, where it merely infringes a right conferred by statute,—there is no private right of common law action unless the damage sustained thereby be *peculiar* to the plaintiff, and not a damage common to the community, or to the class to which the plaintiff belongs, though more injurious to him than to others. *Lansing* v. *Smith*, 8 Cowen, 146 ; *Proprietors Quincy Canal* v. *Newcomb*, 7 Met. 276, (283) ; *Smith* v. *Lockwood*, 13 Barb. 209.

III. Nor, in either case, does such action lie, where the damages are either remote or are merely anticipated, or merely depreciate the value of the plaintiff's property. *Bathishill* v. *Reed*, 37 Eng. Law and Eq. 317 ; *Eames* v. *New England Worsted Co.*, 11 Met. 570 ; *Thayer* v. *Brooks*, 17 Ohio, 489 ; *Chidsey* v. *Canton*, 17 Conn. 475.

IV. But here the statute under consideration, so far from conferring any right upon the plaintiff, leaves the defendant free to exercise his common law right to maintain this building, if he chooses to pay therefor the annual tax imposed by the seventh section.

Aldrich v. Howard.

AMES, C. J.  The question raised by this demurrer is, whether the fourth and fifth counts of the declaration state a cause of action. They allege, in substance, that the defendant, by the erection of a large wooden building, constructed in violation of a statute of the State regulating the erection of buildings within what are called the fire limits of the City of Providence, has so increased the risk from fire to the plaintiff's dwelling house, stores, and hotel, next adjoining, that he has been unable to rent the same, and has been obliged to pay greatly enhanced rates, to insure them. The plaintiff, as an adjoining proprietor, is certainly within the protection of the act, which regulates with minuteness the mode of building in reference to the safety of the houses of such proprietors from fire, and has stated, in these counts, a special pecuniary loss consequent upon the defendant's illegal act, for which the public prosecution of the defendant can afford no redress. The special damage alleged is not, as claimed by the defendant, remote or contingent, but present, actual, and directly consequent upon the defendants's violation of law. As stated, it is peculiar to the plaintiff as an adjoining proprietor, and in excess of the injury sustained by the public, whose interests are also intended to be guarded by the act from the effects of devastating fires. In these respects, the cause of action set forth in these counts not only falls within the general rule, relating to actions of the case as derived from the equity of the statute of Westm. 2d, but within that more special rule, so long ago laid down by Lord Holt, that "in every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of the wrong done to him contrary to the said law." 1 Com. Dig., Action upon Statute, F ; Ib., Action upon the Case, A ; *Couch* v. *Steel*, 3 Ellis and Blackburn, (77 Eng. C. L. R.) 411, per Lord Campbell, C. J.

As we construe this statute, it imposes upon one erecting a building within the fire limits of Providence the duty, in respect to adjoining proprietors and the public, of building it in the manner, of the materials, and of the size prescribed by the act. The prohibition is imperative upon him, if he builds at all, to build as the act prescribes, and in no other manner ; and quite

as effectually imposes upon him the legal duty of so building, as if the statute had expressed the duty in an affirmative form. The eighth and ninth sections, which fix the pecuniary penalties for disobedience of the former sections, so far from licensing the violation of the statute upon the terms of paying the penalties, were designed simply to punish the violator according to the degree of his offence and his persistency in it, and thus to compel a compliance with the law as enacted. They are divided, when recovered, between the city and the State; and not a penny of them given in recompense to a party specially damaged. They are recoverable for the public injury, whether any one be specially damaged or not. The statute does not, as in some of the cases cited, in creating the offence, notice also the private injury, and through the penalties, give the private recompense. Had it done so, there would have been some reason for confining the party injured to the statute compensation, however inadequate it might seem to be. As it is, the party specially injured has no redress unless by the equity of the old statute of Westminster 2d,— designed to afford a remedy for every wrong not redressed by any of the formed actions of the common law, if an action of the case can afford it. We have no doubt that when a statute makes the doing or omitting any act illegal, and subjects the offending parties to penalties for the public wrong only, a party specially injured by the illegal act or omission has the right of suing therefor at the common law. *Couch* v. *Steel, sup.; Steam Navigation Co.* v. *Morrison,* 13 Common Bench, (4 J. Scott,) (76 Eng. C. L. R.) 581, 594, per Williams, J.; *Caswell* v. *Worth,* 5 Ellis and Blackburn, (85 Eng. C. L. R.) 848, 855, 856, per Coleridge, J.

The fourth and fifth counts of the declaration are maintained, and the pleas thereto overruled.