HENRY R. BEEHLER vs. DANIELS, CORNELL & Co. et al.

19  49
f21  364

Pub. Laws R. I. cap. 688, § 25, of April 12, 1878, known as the "Providence
Building Act," relative to the protection of hoistways and elevators by railings
and trap doors, does not impose a duty upon the owners or occupants of a
building for a breach of which an action can be maintained by one who is in-
jured thereby.

A paid member of a fire department, in the discharge of his duty, entered a
building to extinguish a fire and was injured by falling into an unguarded
elevator well.   The owners of the building were taxpayers.   In an action by
the fireman against the owners of the building for the injury sustained the
declaration alleged these facts and averred that the plaintiff was bound to re-
spond to a fire call and to enter the defendants' premises in putting out fire,
and so was invited by the defendants to enter.   On demurrer to the declaration,
*Held*, that the facts did not raise an implication that the plaintiff entered the
building on the invitation of the defendants.

There is no individual employment or responsibility in respect to public officers
or servants on the part of taxpayers, and so no basis for an implication of
service and invitation to enter their buildings.

TRESPASS ON THE CASE for personal injuries.   Certified
from the Common Pleas Division on demurrer to the declara-
tion.   See 18 R. I. 563, for a report of this case, when it was
previously before the court.

*March* 27, 1895.   STINESS, J.   The declaration in this case,
as originally framed, charged the defendants with negligence
in failing to guard an elevator well, whereby the plaintiff, a
fireman in the discharge of his duty, fell and was injured.
A demurrer to this declaration was sustained upon the
ground that it set forth an entry by the plaintiff into the de-
fendants' premises only as a licensee, to whom the defend-
ants owed no duty ; 18 R. I. 563.   The declaration is now
amended and the third count avers that Pub. Laws R. I.
cap. 688, § 25,[1] of April 12, 1878, commonly known as the

---

[1]As follows :

SEC. 25.   In every building in which there now exists or hereafter shall be
placed any hoistway or elevator, not enclosed by fire-proof partitions and doors,
nor placed in the well-hole of the stairs, the opening thereof through and upon
each floor shall be provided with, and protected by a good and substantial rail-
ing, and good and sufficient trap-doors with which to close the same ; and such
trap-doors shall be kept closed during the night time, except said hoistway or
elevator shall then be in actual use.

4

Providence Building Act, requires hoistways and elevators not enclosed, to be protected with railings and trap-doors and that it thus became the duty of the defendants to so protect their elevator, which they negligently omitted to do. The fourth count sets out that the plaintiff received his salary as a member of the fire department of the city of Providence from the defendants and others, tax payers of Providence, and so became bound to respond to a fire call and to enter upon their premises in putting out fire and so was invited by the defendants to enter.

In the former opinion we said that the owner owed no duty to a licensee, as to the condition of his premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm ; while to one invited he is under obligation for reasonable security for the purposes of the invitation. The declaration did not set out a cause of action upon either ground. The present amendments are made to inject into the statement of the case a statutory duty and an invitation. The first question, therefore, is whether there was a statutory duty. In considering this question we need not discuss the limit of legislative power in imposing such a duty, for it is not necessary to decide it. We may assume it, and the question still remains whether an actionable duty is imposed by this statute. It has been before the court in several cases. In *Grant* v. *Slater Mill & Power Co.*, 14 R. I. 380, it was held that the scheme of the act was simply to secure safe structures, as a police measure for the general safety ; not to create any duty which could be made the subject of an action by individuals and that no remedy in favor of individuals, beyond what is expressly given in the act, should be implied for neglect to perform the duties created by the act. *Baker* v. *Slater Mill & Power Co.*, 14 R. I. 531, was brought under Pub. Stat. R. I. cap. 204, § 21, which gives an action for injury caused by the commission of a crime or offence ; the offence charged being a violation of the Building Act. It was held that an action under that statute could not be maintained until after a complaint had been made for the

crime or offence and process issued.  In *Maker* v. *Slater Mill & Power Co.*, 15 R. I. 112, this condition of a criminal complaint was met but the court held that the terms of the act were too indefinite and uncertain to impose a criminal liability for non-compliance with the statute, and, hence, no action could be maintained for such alleged offence.  In that case the defendant was sued as the owner and person in control of the building ; and one ground of the decision was that the act does not specifically impose the duty of compliance with the statute either upon the owner or person in control.  It simply says that certain things shall be done without saying who shall do them.  Some of the things would naturally if not necessarily, be done by an owner : some by a contractor and some by tenants.  A person cannot be made liable for neglect of a statutory duty unless that duty is clearly imposed upon him.  An owner cannot be liable for a duty imposed upon a tenant, nor a tenant for a duty imposed upon the owner.

Whether the defendants in this case are owners or tenants does not appear.  The declaration simply states that they were in possession of the building on the day of the accident.

But even if their relation to the property were stated we do not see how it could avail in view of the difficulties set forth in the previous decisions under this act.  In *Parker* v. *Barnard*, 135 Mass. 116, the suit was against the owners and occupants of the building and the statute expressly imposed the fine upon the owner, lessee or occupant.  But even so, the court did not consider the respective duties of the owners and of the occupants of the building as to the protection of the elevator well, because the facts were not reported ; and we are not aware that this interesting problem has since been solved.  The demurrer to the third count must be sustained.

The fourth count seeks to state a case of legal liability by averring an invitation to the plaintiff to enter the premises in question ; but, as it is an implied invitation, the declaration, accurately drawn, sets out the facts as stated above, from which the invitation is to be implied.  The idea is that

the plaintiff is in the employ of the taxpayers collectively and so of the defendants individually ; that the relation sustains the invitation and that he is thus invited to enter the premises of his employers in the discharge of his duty. This presents the same question which we considered in our former opinion, the only difference being that now the invitation is averred which was then claimed to be implied from the facts, and there is also now added the fact that the defendants are taxpayers in Providence. The question however is the same and the answer must be the same, that the facts do not amount to an invitation. There is no relation between a fireman and a taxpayer to raise it. There is no individual employment nor responsibility in respect to public officers or servants on the part of taxpayers and so no basis for an implication of service and invitation. Of course firemen have a right to enter premises to stop a fire, but it is under the same law which allows others to enter, called by Judge Cooley, "the law of overruling necessity." Cooley on Torts, *313. None of the cases cited by the plaintiff and considered by the court in the former opinion, go so far as his claim in this respect. In each of them, excepting *Parker* v. *Barnard*, there was something in the nature of a personal and direct invitation which does not enter into this case ; e. g. the calling of a police officer in ; *Learoyd* v. *Godfrey*, 138 Mass. 315 : the placing of a box for a letter carrier ; *Gordon* v. *Cummings*, 152 Mass. 513 : a passenger in a depot; *Bennett* v. *Railroad Co.*, 102 U. S. 577.

The reasons for holding that there was no invitation in this case were sufficiently stated in the former opinion.

The demurrers are sustained.

*Walter B. Vincent & Amasa M. Eaton*, for plaintiff.
*William G. Roelker*, for defendants.