## IN RE GUARDIANSHIP OF MARGRETHE TESSUM.[1]

December 10, 1926.

No. 25,671.

**Application of guardian to vacate judgment settling his final account, on ground part of property charged to him did not belong to his ward, denied.**

The application of the guardian to vacate the judgment of the probate court settling his final account, on the ground that part of the property charged to him therein did not belong to his ward was properly denied, it appearing that all parties interested in the property had turned it over to him under an agreement that the ward should receive the income therefrom as long as she lived; that he had treated it throughout the guardianship as in his hands as guardian; that he included it in his final account as property still in his hands; and that the judgment distributes it to those lawfully entitled to it.

Guardian and Ward, 28 C. J. p. 1242 n. 16 New.

Miller Tessum, guardian of Margrethe Tessum, incompetent, appealed from a judgment of the district court for Fillmore county, Peterson, J., affirming an order of the probate court. Affirmed.

*F. H. Durham* and *Arthur Lindeman*, for appellant.

*F. G. Sasse, R. A. Dunnette* and *Hopp & Larson*, for respondents.

TAYLOR, C.

This matter was argued in connection with the preceding cases of Mathilda Lyngen and others against Miller Tessum and Southern Surety Company, supra, page 304. It is an application to vacate the judgment of the probate court upon which those cases are based and reference is made to the opinion in those cases for a statement of the facts.

When those cases came on for trial, Miller Tessum made an application to the probate court to set aside its order of August 8, 1925, settling his final account as guardian of his mother, Margrethe

[1]Reported in 211 N. W. 316.

Tessum, and to permit him to file an amended account. The application was denied by the probate court on January 26, 1926, and on the same date Tessum appealed to the district court. In the district court, a demurrer was filed to the petition presented to the probate court and on the same date, January 26, 1926, the district court made an order sustaining the demurrer. On May 3, 1926, Miller Tessum caused a judgment to be entered in the district court sustaining the demurrer and on the same date appealed therefrom to this court.

The application in question is based upon the claim that Miller Tessum, in his account as guardian, had charged himself with the entire proceeds of the farm as the property of his ward when in fact she owned only a part thereof, and that he was not aware of her true interest in the property until a week before the application.

In connection with the sale of the farm stipulations were filed in the probate court to which the mother by her guardians and all the children were parties. These stipulations set forth specifically the interest of each child in the farm and the interest of the mother therein. They provided that the farm should be sold by the guardians; that the children should join in the deed; that the proceeds of the sale should stand in place of the land; that the guardians should handle the proceeds as therein directed; that the mother should have the income from the entire proceeds as long as she lived; and that the principal should be distributed as therein specified at her death. Miller Tessum was a party to these stipulations both as guardian and as an individual. To avoid confusion, we note here that Miller Tessum and his brother Olaf were joint guardians of their mother for a time, and that Olaf resigned and Miller was continued as sole guardian thereafter and rendered the account in question as such sole guardian. Assuming to be entitled thereto under the stipulations, the guardians with the acquiescence of all parties took possession of the entire proceeds of the farm and handled such proceeds throughout the mother's lifetime as property in their hands of which she was entitled to the possession as long as she lived.

Miller Tessum admits that he received the entire proceeds of the farm, that he has treated such funds at all times as property in his hands as guardian of his mother, and that he still retains them and reported them as still on hand in his final account which was settled and allowed by the probate court. Upon the record in this case, he cannot now be heard to claim that he ought not to be required to account for them in his final settlement in the probate court. The flimsy pretense that he "was not aware of the correct legal interest of the said incompetent in the above described property," now advanced as the ground for setting aside the judgment of the probate court, and which is contradicted by his own formal stipulation setting forth the true facts and pursuant to which the farm was sold, is not worthy of serious consideration. In view of the facts shown by the record, his petition stated no sufficient ground for vacating the judgment, and both the probate court and the district court were correct in so holding. While it would have been better practice for the district court to have affirmed the order of the probate court, its action amounted to an affirmance of that order and will be deemed sufficient.

The judgment appealed from is affirmed.