ARTHUR NYSTROM *vs.* EAGLE CORNICE CO.

DECEMBER 23, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   This is an action of trespass on the case for negligence.   The jury returned a verdict for the defendant, and the case is here on plaintiff's exception to the refusal of the trial justice to instruct the jury as requested.

The plaintiff was foreman for a contractor engaged in making alterations on and building an addition to a dwelling house.   The defendant was a subcontractor engaged in removing the slate from a small section of the roof which was twenty-eight feet from the ground.   While the defendant's employees were so engaged, one of the pieces of slate broke and a portion of it slipped from the roof and struck the right wrist of the plaintiff who was standing on the ground.   The plaintiff is seeking damages for the injury caused to his wrist.   Just before the accident the plaintiff had walked from a position of safety to a point near the house and was at the time instructing one of his co-workers relative to the carpentry work.   The jury were probably of

the opinion that the plaintiff was guilty of contributory negligence in standing at a place which he knew was dangerous.

The plaintiff's exception is to the refusal of the trial justice to instruct the jury relative to the doctrine of the last clear chance.

The plaintiff knew that the slate was being removed and that pieces, or whole slates, might fall and injure anyone standing below. He heard his employer shout to the men on the roof to be careful and one of them replied: "O. K., but you fellows be careful down below." Plaintiff requested one of the defendants to tell his men to "watch out for any slate coming off the roof" and was advised to "keep away from that corner until they get the slate off."

The doctrine of the last clear chance was not applicable to the case. In *Riley* v. *Consolidated Ry. Co.*, 82 Conn. 105, it was held that one who has a reasonable basis for belief that another is aware of a source of danger is entitled to govern his actions upon the assumption that the other is aware of it and will use reasonable efforts to save himself. Assuming that defendant's workmen were negligent in permitting the piece of slate to slip from the roof, it was not their duty to assume that the plaintiff would ignore the warning he had received, and there is no evidence that thereafter they could have prevented the accident. There is nothing on the record even to suggest that the plaintiff's negligent acts were wholly prior to and remote from that of the defendant. On the other hand it is clear that the plaintiff, in standing where he did, was negligent up to the instant he was injured and had not merely an equal chance but the last clear chance to save himself.

In Sherman and Redfield, Negligence, Vol. I, Sec. 101, the authors, speaking of the limits of the doctrine, said: "The foregoing rule obviously does not apply where the plaintiff's contributory negligence is, in order of causation, either subsequent to or concurrent with that of defendant."

In *Vizacchero* v. *R. I. Co.*, 26 R. I. 392 at 397, this court

quoted with approval the following statement of the last clear chance doctrine: "The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible."

In *Coburn* v. *United Electric Rys. Co.*, 128 A. 435, this court in denying recovery under the doctrine of the last clear chance said: "This doctrine does not apply where it appears that the failure of the deceased to avoid injury resulted solely from his want of due care in failing to observe his own danger and where his opportunity for avoiding the injury was as late or later than that of the defendant."

In 20 R. C. L. 140, it is stated that "the doctrine has been applied chiefly to cases of injury to persons on railroad tracks, and to collisions between railroad cars and vehicles on the highway. It is not, however, limited to any particular class of cases. . . . It has been said, however, that the doctrine is applicable only in exceptional cases, and the prevalent habit of incorporating it in almost every charge to the jury in negligence cases, in connection with, and often as a part of, instructions upon the subject of contributory negligence, is misleading and dangerous."

Thompson, in his Commentaries on the Law of Negligence, Vol. I, Sec. 232, states that the doctrine is limited to cases where the defendant was under the duty of exercising care to discover the dangerous situation of others.

The facts in *Coleman* v. *Smith Co.*, 30 R. I. 250, are quite analogous to those in the case before us. Defendant's employees were working thirty feet from the ground setting rafters on a partially constructed ice-house while the plaintiff, an employee of the ice company, was engaged in carrying sand into the building. A rafter escaped from the hands of defendant's workmen and fell to the ground, striking the plaintiff. The plaintiff testified that he saw the men working on the roof but did not look up to see them when he walked into a position of danger. The court said, at page 252: "But even if the plaintiff can be held, after

verdict, to have established negligence of the defendant in this respect, we are clearly of the opinion that he was guilty of such contributory negligence as to preclude his recovery. With full knowledge of the icy conditions prevailing, knowing that carpenters were engaged on the roof, and hearing them at work, with good eyesight and hearing, and in a good light and an unobstructed view, he deliberately placed himself, without looking, in a position of known and obvious danger from objects which were liable to fall upon him from above. . . . Such conduct on his part, as a matter of law, we must hold to be such contributory negligence as to preclude his recovery, and that the verdict is thus contrary to law."

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Sherwood, Heltzen & Clifford, Sidney Clifford,* for plaintiff.

*Frederick A. Jones,* for defendant.