MICHAEL BARYLUK *vs.* UNITED ELECTRIC RAILWAYS CO.

MAY 26, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence. After a verdict for the plaintiff the trial justice granted the defendant's motion for a new trial in the event the plaintiff failed to file the remittitur fixed by said justice. The plaintiff excepted to this ruling, refused to file such remittitur and now urges that the ruling was erroneous. The defendant presents a large number of exceptions, taken to rulings made during the course of the trial, including an exception to the refusal to direct a verdict for the defendant and also an exception to the refusal to grant unconditionally a new trial to the defendant.

The plaintiff, a man fifty-two years of age, was injured by colliding with a motor bus operated by the defendant on the Mendon road south of Woonsocket about 7:30 p. m. February 26, 1931. At the time of the accident the bus was proceeding with its headlights lighted; the night was clear, the roadway dry and free from traffic in the vicinity. The accident happened on the right-hand side of the road looking south. The cement portion of the road is twenty feet wide with a tarvia shoulder about seven feet in width. At the place of the accident the road was lighted by an overhanging electric light. Although there was no designated stopping place for the bus at this point, plaintiff contended that at various times he had boarded a bus there. Just before the accident the plaintiff went to a store on the west side of the road, twenty-five feet from the cement portion thereof, to inquire whether the bus had passed. He testified that while he was at the door of the store he saw the bus approaching six hundred feet away; that he turned and walked across the tarvia shoulder of the road and stopped, with one foot on the tarvia and the other on the concrete bed of the road, and held up his right arm as a signal for the bus to stop; and that while he was in this position his arm was struck by that part of the bus at its right-hand front door. It is agreed that the bus was moving at a moderate rate of speed. Until the driver of the bus saw the plaintiff, the bus, with the third of its four speeds engaged, was climbing a 6.01 per cent grade. It appears that the speed at this time was from 18 to 20 miles per hour. Shortly before the collision the driver, in order to avoid the plaintiff, turned the bus sharply to the left. The bus proceeded diagonally across the road and stopped a short distance beyond the point of collision.

The defendant produced the bus driver and the only passenger on the bus as witnesses. The bus driver testified that while he was proceeding at a speed of about 18 or 20 miles an hour, and when the front of the bus was but a few feet from the point of collision, he saw the plaintiff walking

on the tarvia portion of the road toward the cement roadway; that at about the time he first saw him the plaintiff started to run toward the center of the road. The bus driver further testified that he sounded the horn immediately upon seeing the plaintiff and at the same time swerved the bus sharply to the left and brought it to a stop on the opposite side of the road.

The passenger on the bus, who was sitting in the front seat on the right-hand side, testified that he was looking ahead as the bus approached the scene of the accident and saw no person standing in the roadway; that just before the collision occurred he noticed the bus turn suddenly to the left and saw something strike the side of the bus just back of his shoulder.

We will first consider the exception to the denial of the defendant's motion for a direction of a verdict for the defendant. This motion was based in part upon the contention that the plaintiff was guilty of contributory negligence. In considering this exception we will assume that the testimony of the plaintiff and that of his supporting witnesses was true. Said witnesses were three boys who testified that while seated upon the counter in said store they observed the plaintiff's movements and also the accident. The store had show windows.

The plaintiff relies strongly upon *Lustik* v. *Walters*, 169 Minn. 312, the facts of which are very materially different from those in the case before us. In the *Lustik* case, the roadway being torn up on both sides of the paved portion of the road, it was necessary for the plaintiff, in order to attract attention, to stand in the path of the vehicle. Furthermore, the defendant was laboring under the mis-apprehension that the plaintiff was a bandit and was attempting to force defendant to stop his automobile for the purpose of robbing him. Because of this fear defendant held to his course and collided with the plaintiff. The defendant could and probably would have avoided the accident had he not mistaken the plaintiff's motive. The defendant in that case was proceeding downgrade at a rapid speed.

In the case before us there was no necessity for the plaintiff to stand where he did. Had he remained on the shoulder of the road, he could equally well have attracted the driver's attention. If his story is true, for some appreciable time he saw the bus approaching him at a moderate speed. A single step backwards—if not merely the lowering of his arm—would have avoided the collision. It is admitted that the bus was turned to the left to avoid hitting him. He knew it was necessary that six feet of the front end of the bus pass him in order to allow him to enter the door thereof. Assuming that his version of the collision is correct, he voluntarily assumed a position of known danger when there was no necessity for so doing, watched the bus approaching him at a moderate speed and failed to take any precaution for his own safety. He was faced with no emergency. A reasonably prudent person does not assume such a position, hold his ground and watch a heavy bus approach and run against him.

Decisions based on accidents to pedestrians crossing a highway, standing in the street preparatory to boarding street cars, engaged in some occupation such as changing a tire or repairing an automobile, or even standing or walking on the highway apparently oblivious to the approach of a motor vehicle are not applicable to the facts in the case before us. Although decisions involving collisions with street cars which run on fixed rails are not always applicable to the facts when the injury is caused by an automobile, we think the rule applied in *Garvey* v. *R. I. Co.*, 26 R. I. 80, is applicable to the conduct of the plaintiff in this case. The court said: "By voluntarily assuming a position of danger relative to said car, the plaintiff assumed the risk incident thereto. And, although the speed of the car was being slackened in response to her signal before she assumed the position of danger on said curve, yet as it had not come to a standstill she had no right to infer that it would do so at any particular point on the curve, and hence she had no right to take a position where the swing or overhang of the car would come in contact with her person."

Huddy in his Encyc. of Auto. Law, Vol. 5-6 at pp. 179, states the rule as follows: "Moreover it is to be recognized that a foot traveler should give way to an approaching vehicle so as to permit passage." "So, one needlessly standing in the street in the course of vehicles, or sitting in a chair in the street near the curb, may be found negligent as a matter of law." See also *Coleman* v. *Smith Co.*, 30 R. I. 250; *Nystrom* v. *Eagle Cornice Co.*, 52 R. I. 80, 157 Atl. 574.

As the contributory negligence of the plaintiff precludes his recovery, it is unnecessary to consider the question of the defendant's negligence or to pass upon the other exceptions of the defendant.

The plaintiff's exception to the ruling conditionally granting defendant a new trial is overruled.

The defendant's exception to the denial of its motion for a directed verdict is sustained.

The plaintiff may, if he shall see fit, appear on the fifth day of June, 1933, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*John R. Higgins*, for plaintiff.

*Clifford Whipple, Earl A. Sweeney*, for defendant.