CLARENCE TOWLE *vs.* LEO F. MORIN.

Essex.     October 6, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

A boy sitting on a sled at the top of a snow bank at the side of a street, trying to go backward upon seeing an approaching automobile but losing control and sliding forward into the street and into the automobile, properly could be found not to have been coasting nor violating an ordinance against coasting in the street, and not to have been guilty of contributory negligence.

The driver of an automobile, having seen a boy sitting on a sled facing the street at the top of a snow bank from four to six feet from the

automobile and having sounded his horn, properly could be found to have been negligent in continuing without changing his course, whereupon the sled, getting out of control of the boy without negligence on his part and sliding down the bank, struck the automobile.

TORT. Writ in the Second District Court of Essex dated May 1, 1935.

The action was heard by *Pettingell*, J., who found for the plaintiff in the sum of $3,650. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

The case was argued at the bar in October, 1936, before *Rugg*, C.J., *Crosby*, *Pierce*, *Field*, & *Lummus*, JJ., and afterwards was submitted on briefs to all the Justices.

*M. S. O'Brien*, for the defendant.

*Hubert C. Thompson*, (*W. O. Cook* with him,) for the plaintiff.

CROSBY, J. In this action the plaintiff seeks to recover for personal injuries received by him and alleged to have been caused by a collision with an automobile, owned and operated by the defendant, on February 10, 1935.

There was evidence that just before the accident, at about ten minutes after six o'clock in the afternoon, the plaintiff, who was nine years old, was sitting on a sled on the top of a snow bank on the easterly side of Market Street in Amesbury, in this Commonwealth, with his sled pointing out into the street, which is a public way; that the defendant's automobile came up Market Street in a northerly direction, and was operated by the defendant; that it was being driven on the right side of the road; that the street at that time was free from traffic except that an automobile was parked on the westerly side of the street; that the speed of the defendant's automobile was between fifteen and twenty miles an hour; that his headlights were lighted; that fifty feet from where the plaintiff was sitting the defendant saw him and two other children who were standing on the snow bank with him; that the defendant sounded his horn; and that the plaintiff heard it, saw the automobile approaching and called out to the other children to look out for the automobile. The testimony of the de-

fendant and the occupants of the automobile was that the defendant was driving four feet away from the snow bank (and the plaintiff, while testifying, indicated with his hands a space of about five to six feet as the distance the automobile was from the bottom of the snow bank); that after sounding his horn the defendant continued on without changing his course or slackening his speed; that the plaintiff, after calling to the other children to "look out for the automobile," tried to push his sled back from Market Street; that instead of moving back the sled went forward down the snow bank carrying the plaintiff with it, his head striking the right rear wheel of the automobile, which at that time had nearly passed the place where the plaintiff had been sitting; and that the only injuries the plaintiff received consisted of a depressed fracture of the skull, seven inches one way and four the other, "with some of the bone gone and one piece displaced which was subsequently found by the surgeon and replaced." The trial judge found that the plaintiff was in the exercise of due care, and that "the defendant was negligent in driving so close to the snow pile when there were children upon it, and the whole width of the road was available for his passage, and in not reducing his speed as he approached the intersection where the coasting was going on."

The defendant filed six requests. The judge refused to give the third and fourth on the ground that he found as facts that the plaintiff was not negligent, and that the defendant was negligent. The fifth was given because he found as a fact that there was no wilful or reckless conduct on the part of the defendant. He stated that he gave the first, second, and sixth requests * as correct statements of law, but found as a fact that the plaintiff was not coasting. He found for the plaintiff and assessed damages in the sum of $3,650. The case was reported to the Appellate Division, which ordered the report dismissed. From this order the defendant appealed to this court.

---

* These requests were to the effect that if the plaintiff was injured while coasting on a public way where coasting was not allowed, he was guilty of contributory negligence and could not recover. — REPORTER.

If the plaintiff had been injured while coasting upon the street in violation of an ordinance he would not be entitled to recover for injuries caused by negligence of the defendant. *Query* v. *Howe*, 273 Mass. 92, 95. The evidence warranted a finding that at the time he was injured he was not coasting, but that, after calling to the other children who were present to look out for the defendant's automobile, he made an effort to push his sled away from Market Street; and that instead of the sled moving back it went forward into the street carrying the plaintiff with it. There is little, if any, dispute about the facts. The evidence warranted a finding that the plaintiff was in the exercise of due care, and, in the opinion of a majority of the court, that the defendant was negligent. *Brown* v. *Daley*, 273 Mass. 432, 436. *Hedman* v. *Morse*, 278 Mass. 437, 438. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 359–360.

*Order dismissing report affirmed.*