Nos. 2843, 2844       Northern       Middlesex, ss.

HOLDEN, and HOLDEN, p. p. a.       (G. Bruce Stuart)
v. BLOOM       (Avery, Dooley, Post and Carroll)

From the Second District Court of Eastern Middlesex—
Murray, J.

Argued March 17, 1941—Opinion Filed May 9, 1941

HENCHEY, J. (Pettingell, A.P.J., & Wilson, J.)—These are two actions of tort which were tried together. In the first action the plaintiff, a minor ten years of age, seeks to recover for injuries caused by the defendant's negligent operation of an automobile on Pearl Street, Newton, Mass., on July 28, 1939. In the second case, the father of the plaintiff in the first action seeks to recover for consequential damages arising from the aforesaid injury. In our opinion we will refer to the minor plaintiff as the plaintiff, inasmuch as the rights of his father are dependent upon the outcome of the first action.

After making a detailed finding of facts the trial judge concluded as follows: "A finding is to be entered for the defendant in both cases as a matter of law, as I cannot find the evidence warrants a finding of the defendant's negligence."

The case comes before us for determination because the plaintiff claims to be aggrieved by the trial judges refusal to grant certain of the plaintiff's requests and by his allowance of certain of the defendant's requests. In substance, the trial judge allowed the defendant's request to the effect that "as a matter of law there is no evidence of negligence on the part of the defendant," and denied the plaintiff's request to the effect that the evidence warranted a finding that the defendant was negligent. Further, in response to one of the defendant's re-

quests, the trial judge ruled that the evidence "may warrant" but "does not require" a finding that the plaintiff was guilty of contributory negligence.

The defendant testified on direct examination that he was proceeding easterly on Pearl Street; that he slowed down at the intersection of Thornton Street; that he saw two boys on Pearl Street who were fooling at the side of the road; that he was driving four to five feet from the sidewalk; that the front or the right front side of his car did not hit the plaintiff and that he stopped in twenty to twenty-five feet after the accident.

On cross-examination the defendant testified that he first saw the boys when he was about one hundred and forty-nine feet from the place of the accident, and at that time he was travelling at a speed of about twenty-five miles an hour; that he entered the intersection of Pearl and Thornton streets at a speed of twenty-five miles per hour, then slowed down to twenty miles an hour, and blew his horn; that at one point he saw the boys in the street off the sidewalk and at another point he saw them on the edge of the sidewalk; that it was daylight, the road was dry, and there were no obstructions to his view; and that as he approached the boys he kept a straight course and did not change it.

According to the plaintiff's story, he was walking along Pearl Street, in the gutter, talking and fooling with his brother when he was struck; he knew and heard the defendant's car approaching, but he did not see it and paid no attention to it; he was about one foot from the curb when some part of the right side of the defendant's car hit him.

The trial judge found (among other things) that the plaintiff and his brother were fooling while walking "partly on the sidewalk and partly in the gutter," that the defendant saw the boys when he was one hundred and forty-nine feet away, that the plaintiff, who saw the defendant's car, paid no attention to it and was hit by the right rear mudguard of the defendant's car when he was about a foot from the curb.

It is our considered opinion that the rights of the plaintiff were unduly prejudiced by the trial judge's ruling in the instant case.

The principal argument hinges on the allowance of a request that "as a matter of law" there was no evidence of negligence, and on the denial of a request that the evidence warrants a verdict for the plaintiff.

Under our practice there properly can be raised the question of law whether the evidence is sufficient to warrant a finding for the plaintiff by a request for ruling that the evidence would (or would not) warrant such a finding. *Castano v. Leone*, 278 Mass. 429; *Ashapa v. Reed,* 280 Mass. 514; *Forbes v. Gordon & Gerber*, 298 Mass. 91.

A denial of a request that the evidence warrants a finding for the plaintiff involves a ruling, as a matter of law, that there

was no evidence to warrant a recovery by the plaintiff, because either the defendant was not negligent or the plaintiff's negligence was the sole cause of the injury. The plaintiff is entitled to have the request granted or to a statement of the finding of facts showing that the request was irrelevant. *Bresnick* v. *Heath*, 292 Mass. 293.

Since it is not clear from the judge's findings and rulings that the plaintiff's request was irrelevant, the plaintiff's rights have been violated. It is to be remembered that in ruling on the defendant's request relative to the plaintiff's contributory negligence the trial judge said that the evidence may warrant but not require a finding that the plaintiff was guilty of contributory negligence. Thereupon the trial judge granted the defendant's request that there was no evidence of negligence "as a matter of law." We believe this to be erroneous. In effect, the trial judge has said that even if we believe the story as related by the plaintiff's witnesses (namely, going through an intersection at twenty to twenty-five miles per hour; driving about a foot away from the gutter after seeing boys fooling and playing there), such conduct would not amount to negligence as a matter of law. Certainly this cannot be so. See *Towle* v. *Morin*, 295 Mass. 583.

Because of the uncertainty which exists, the plaintiff is entitled to a new trial.

Case remanded and a new trial ordered.