George E. VANDAL

v.

GEO. T. MC LAUTHLIN CO.

Leo VANDAL

v.

GEO. T. MC LAUTHLIN CO.

Civ. A. Nos. 53-285-A, 53-286-A.

United States District Court
D. Massachusetts.

June 23, 1955.

William R. Goldberg, Pawtucket, R. I., Timothy J. McInerney, Boston, Mass., for plaintiff.

Badger, Pratt, Doyle & Badger, Robert W. Cornell, Boston, Mass., for defendant.

ALDRICH, District Judge.

█ This is a motion for judgment n. o. v., or, in the alternative, for a new trial, pursuant to Rule 50, Fed.Rules Civ. Proc. 28 U.S.C.A. The facts are these. In March, 1951, the defendant, an independent contractor, was remodeling an electric passenger and freight elevator in a factory in Pawtucket, Rhode Island, to operate hydraulically. The plaintiffs, employees of another independent contractor, were doing certain carpentry work in the building as directed by the owner. This included lining the elevator shaft with asbestos board. On the day in question the defendant was not present. It had left the still electrically-operated car in the shaft, but in a partially dismantled condition, the counterweights and safety brakes having been removed. The pushbutton operation remained. The plaintiff George Vandal entered the elevator on the second floor, and brought it down to the first floor, where he and the plaintiff Leo Vandal loaded it with some boarding material. They intended to ride back to the second floor, and using the elevator as a platform, install the material in the shaft. The elevator was safe to use as a platform, but, unknown to the plaintiffs, it was not safe to move. On the ride up the cable broke, and the car fell to the basement. Both plaintiffs were injured; Leo fairly seriously.

Under appropriate instructions the jury found, or must be taken to have found, that the defendant did not have exclusive control of the elevator, and was negligent in leaving it in an unsafe condition with knowledge that the plaintiffs might use it, and that the plaintiffs were free of contributory negligence. With respect to Leo Vandal I believe the evidence warranted such a finding, and I will not disturb the verdict.

Evidence capable of credit warranted the inference that the defendant knew for some time that the plaintiffs were using the car while installing the shaft lining, which use included moving it. Because of the pushbutton operation it could not be moved without riding in it. The jury could well find that without counterweights or safety brakes it was foreseeably unsafe to move. Under these circumstances the defendant would be liable unless it had exclusive control. Cole v. L. D. Willcutt & Sons Co., 214 Mass. 453, 101 N.E. 995; Id., 218 Mass. 71, 105 N.E. 461.[1] The evidence on this in plaintiffs' favor is thin, but I am not prepared to say there was none. There was evidence that the defendant left the fuses and switch box available, and warranting a finding that it took no steps to exercise exclusive control. I also think it significant that the defendant was not working continuously.

[1] It has been suggested by the plaintiffs that there was evidence warranting a finding of an invitation to them to use the elevator, which would impose liability even if the defendant had exclusive control. If there was such evidence it came from Philip Jarvis. Not merely because of his interest, and his testimony as a whole, but because of his appearance on the stand and his manner of testifying, together with the great weight of various contrary evidence, as a matter of discretion I would not permit a verdict to stand if it had to be predicated on such testimony, and if this were the only basis for the verdict I would grant defendant's motion for a new trial.

The question of contributory negligence, even apart from the Rhode Island statute considered infra, is somewhat troublesome. It would seem that any adult ought to know enough not to use an elevator obviously undergoing extensive mechanical changes when, as plaintiffs testified, they knew they knew nothing about it. Even though no specific defect may have been apparent, if it were not for one matter, I would rule the plaintiffs were contributorily negligent. Nystrom v. Eagle Cornice Co., 52 R.I. 80, 157 A. 574. However, the first time they used the car would have been one thing. But after using it a number of times, with reason to believe the defendant knew they were doing so, the fact that the defendant took none of the easy ways to notify them to stop would seem to be something they could thereafter rely upon. The removal of the safety brakes was not obvious. Due to the continued absence of warning I believe the question was for the jury.

The case of George Vandal is more difficult. The elevator was unlicensed. Rhode Island Pub.Laws 1947, Ch.1882, § 11, provides that no one may "use" an unlicensed elevator "except for test and construction purposes." In my opinion the exception means construction of the elevator or its mechanical appurtenances by, presumably, elevatormen, and does not include incidental carpentry work in the shaft. In all events it would not include using the elevator for freight and passengers preceding such incidental work. It is undisputed that another elevator in operable condition was just around the corner, which the plaintiffs had used before. The unlicensed elevator was already upstairs where they wanted it to stand on, and they were riding in it at the moment in question merely to save themselves trouble, and not by any necessity, or directly for test or construction purposes. The burden, accordingly, of showing the exception to the statute has not been maintained, and it must be found that George Vandal, the actual operator of the elevator, was in violation.[2]

The question, therefore, is, was such violation by him contributory negligence as matter of law? I cannot substantially distinguish this case from the Massachusetts cases so holding when the plaintiff's illegal conduct of necessity exposed him to the risk. Boyd v. Ellison, 248 Mass. 250, 143 N.E. 41; cf. Towle v. Morin, 295 Mass. 583, 4 N.E.2d 348, where the conduct was not voluntary. Under these cases I could not hold that plaintiff's wrongful conduct was a mere condition. Cf. Newcomb v. Boston Protective Department, 146 Mass. 596, 604, 16 N.E. 555. They presumptively represent the Rhode Island law, unless rebutted. Plaintiff cites only Beehler v. Daniels, 19 R.I. 49, 31 A. 582; Grant v. Slater Mill & Power Co., 14 R.I. 380, both of which in my opinion are distinguishable. These cases merely hold that building laws create no private causes of action in certain circumstances. Cf. Aldrich v. Howard, 7 R.I. 199. I do not consider them apposite.

It follows that George, as the operator of the car, cannot recover. The defendant's motions for new trial are denied at this time. (See first footnote, supra). The defendant's motion for verdict under Rule 50 is allowed in the case of George Vandal, and denied in the case of Leo Vandal. In the case of Leo Vandal, judgment on the verdict.

2. The defendant argues that Leo must also be found to be in violation. It is true that the statute refers to "use," a broad term, possibly applicable to mere passengers. However, this is a penal statute, and should be strictly construed. Further, it is significant that the title uses the word "operation." I believe "use" means affirmative operation, not mere passive participation. Cf. Massachusetts Protective Association v. Bayersdorfer, 6 Cir., 105 F.2d 595. I will not rule as matter of law that Leo Vandal, a co-employee of George's, even though possibly his superior, was either a joint venturer, or a principal, so as to be charged with George's operation.