LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. SARAH ROBSON, *Defendant in Error*.

## Opinion Filed March 5, 1913.

1. Where a woman 66 years old was thrown and injured by the negligent jerking of the train as she attempted to get off the car, a verdict and judgment of $500.00 for the injuries she received is not so grossly excessive as to warrant a reversal.

2. The duty of a carrier to safely deliver a passenger at his desired destination involves the duty of observing whether the passenger has actually alighted before the car is again started, set forth in Florida R. Co. v. Dorsey, 59 Fla. 260, text 267, 52 South. Rep. 963, is reaffirmed.

Writ of error to the Circuit Court for Escambia County.

Judgment affirmed.

*Blount & Blount & Carter,* for Plaintiff in Error;

*R. P. Reese* and *J. P. Stokes,* for Defendant in Error.

HOCKER, J.—Sara Robson, plaintiff below, sued the Louisville & Nashville Railroad Company, in the Circuit Court of Escambia County, Florida, for damages for personal injuries, and recovered a judgment for $500.00, which the railroad company has brought here for review.

The declaration alleges in substance that the plaintiff was a passenger on said railroad on the 13th of May, 1912, going from Pensacola to the village of Roberts in said State and County, and while she was in the act of alighting from the defendant's train, defendant's agents and servants in charge of said train carelessly and negligently propelled said train forward, thereby forcibly and violently throwing plaintiff from said train to and against the ground, whereby divers and sundry wounds, bruises and sprains were given to and inflicted upon the plaintiff, her right arm was dislocated and otherwise injured, and plaintiff's right side was injured, and divers and sundry internal injuries were given plaintiff, from the effects of which plaintiff was laid up, lost much time from her vocation and the consequent loss of earnings, and plaintiff was thereby compelled to lay out and expend much money and obligate herself for medical bills in the treatment of herself, and plaintiff continues to suffer and will hereafter suffer intense pain in body and mind; her clothes were torn, soiled and rendered valueless, and she is permanently disabled, etc., claiming $3,000.00 damages.

Plaintiff testified she was sixty-six years old; that she was a passenger on the train to Roberts on May 13th, last;

that when the train got to Roberts it stopped; that she undertook to get off, and when she got down from the lowest step, the train started with a jerk and threw her forward five or six feet on to the boards of the platform. She says the train did not stay stopped long enough for her to get off. The right side of her body struck the platform. She had hold of the *banisters* with one hand and her grip in the other. The grip was thrown out of her hand. Her son-in-'aw Dime Lock met her and helped her to his house. She told Dime Lock she was hurt. She stayed at Dime Lock's two weeks, and used some kind of liniment. At Mobile a traveling doctor practiced on her and bound up her arm and used some liniment. She then went to Pensacola and bought liniment from Dr. Maura. She testified to great suffering in her arms and side from the time of the accident. Before she was hurt she had been washing for a living for years. She got 50 cents a day for washing, but had not been able to wash at all since she was hurt. She testified she had suffered pain ever since the injury occurred, which interfered with her sleeping. She testified that she had a big rising on her arm after she was injured, for several weeks.

The surgeon of the defendant company examined plaintiff's arm after the accident, and said she had a fatty tumor or lipoma on her arm, but that it could not have been caused by the fall to the platform; but he did not say that it might not have been aggravated by the fall. Another surgeon at request of defendant's attorney examined witness' arm and testified substantially as the first physician did. Other witnesses who knew plaintiff testified that she did not have the swelling on her arm until after the accident, and never complained of pain in it until after she was hurt, and that she used her arm

all right up to that time. One of her sons who lives in the house with her testified that she still complains of her arm, and that he had to put her clothes on and dress her.

The defendant undertook to show that there was no jerking of the train when plaintiff got off and that there was no negligence on the part of the agents of defendant company.

The assignments of error question the sufficiency of the evidence to warrant a verdict for the plaintiff, and also attack the verdict as excessive. The mere conflicts in the evidence were settled by the verdict of the jury, and there was enough if the jury believed it, to warrant the verdict, and following the principles frequently laid down by this court in similar cases, we find no ground for sustaining these assignments. The verdict does not appear to us to be so grossly excessive, if excessive at all, as to warrant a reversal.

An assignment questions the following instruction given at the request of the plaintiff below, *viz*: "The duty of the carrier to safely deliver a passenger at his desired destination involves the duty of observing whether the passenger has actually alighted, before the car is again started." This instruction is taken literally from the opinion of this court in the case of Florida R. Co. v. Dorsey, 59 Fla. 260, text 267, 52 South. Rep. 963, and it seems to us to be appropriate to the facts of the instant case.

We find no reversible error in this record, and the judgment is therefore affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.