JOSEPH BLACK *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Suffolk.   November 16, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence.   Railroad.   Proximate Cause.*

Where a passenger in a car of a train of a railroad company is so intoxicated as to
be incapable of standing or walking or taking care of himself in any way, *semble,*
that the conductor and brakeman of the train are under no obligation to remove
him from the car when the train stops at his destination, but, if they voluntarily
undertake to help him from the car, they are bound to use ordinary care not
only in the act of his removal but also in selecting the place in which to leave
him.

One, who suffers injuries while so intoxicated as to be incapable of standing or
walking or taking care of himself in any way, may maintain an action against
a person whose negligence in view of his manifest condition was the direct and
proximate cause of his injuries.

If the conductor and brakeman of a local passenger train of a railroad company,
on arriving at a station which is the destination of a passenger in one of the
cars of the train, who is so intoxicated as to be incapable of standing or walking
or caring for himself in any way, knowing this passenger's condition, take him
out of the car and across the platform of the station and finally leave him
half way up a flight of ten or twelve steps leading to the station above, and the
passenger falls backward, strikes on the back of his head and is injured, in an
action by the passenger against the railroad company for his injuries, it can be
found that, in view of the plaintiff's manifest condition, the servants of the
defendant were negligent in leaving him without a reasonable regard for his
safety in a place where a fall would be likely to do him much harm ; and it also
can be found that the plaintiff was free from any negligence that was a direct
and proximate cause of his injuries.

TORT for personal injuries alleged to have been caused by
the negligence of the servants of the defendant on February 7,
1903, while the plaintiff was a passenger of the defendant.
Writ dated March 20, 1903.

At the trial in the Superior Court *Wait,* J. at the close of the
plaintiff's evidence ordered a verdict for the defendant; and
the plaintiff alleged exceptions. The material evidence is de-
scribed or quoted in the opinion.

*H. W. Dunn, (C. H. Walker* with him,) for the plaintiff.
*J. L. Hall,* for the defendant.

KNOWLTON, C. J. This action was brought to recover for an injury alleged to have been caused by the negligence of the defendant's servants. The plaintiff was a passenger on the defendant's train which ran from Boston through Ashmont on the evening of February 7, 1903. He testified to having become so intoxicated that he had no recollection of anything that occurred after leaving a cigar store in Boston, until he awoke in the Boston City Hospital, about four o'clock the next day. One Thompson testified " that he took the 9.23 train on the evening of February 7, 1903, at the South Station in Boston for Ashmont, and occupied a seat near the rear of the last car of the train; that there were about twenty passengers in the car and he noticed Black sitting in the seat opposite, very erect, with his eyes closed. When the conductor came through, Mr. Black went through his pockets as if he were looking for a ticket, and not being able to find it, tendered a fifty-cent piece in payment for his fare. The conductor begun to name off the stations from Field's Corner first and then Ashmont, and when he said ' Ashmont,' Mr. Black nodded his head. The conductor gave him his change and his rebate check. At Ashmont, where the train stops, there is a gravelled walk, running the whole length, as a platform, then there is a flight of steps, ten or twelve, that leads up to the asphalt walk around the station, so when you go up from the steps you have to walk along this walk. The conductor and brakeman took Black out of the car, with one on each side. The distance from the steps of the car to the steps that lead up to the station was twenty-five feet. As they went along the platform, the conductor and trainman were on each side of him. They tried to stand him up, but his legs would sink away from him. They sort of helped him up and carried him to the bottom of the steps. When they went to the bottom of the steps, they continued, one on each side of him. Then one of the men got on one side with his arm around him and the other back of him sort of pushing him, and they took him up about the fifth or sixth step, and after they got him up there, they turned right around and left him and went down the steps. Mr. Black sort of balanced himself there just a minute and then fell completely backward. He turned a complete somersault and struck on the back of his head. The railroad men just had

time to get down to the foot of the steps. There was a railing that led up those steps and the steps were about ten feet wide. Mr. Black was upon the right hand side going up and he was left right near the railing. When he fell, he did not seize hold of anything, his arms were at his side."

On this testimony the jury might find that the plaintiff was so intoxicated as to be incapable of standing, or walking, or caring for himself in any way, and that the defendant's servants, knowing his condition, left him half way up the steps where they knew, or ought to have known, that he was in great danger of falling and being seriously injured. They were under no obligation to remove him from the car, or to provide for his safety after he left the car. But they voluntarily undertook to help him from the car, and they were bound to use ordinary care in what they did that might affect his safety. Not only in the act of removal, but in the place where they left him, it was their duty to have reasonable regard for his safety in view of his manifest condition. The jury might have found that they were negligent in leaving him on the steps where a fall would be likely to do him much harm. *Moody* v. *Boston & Maine Railroad,* 189 Mass. 277.

The defence rests principally upon the fact that the plaintiff was intoxicated, and was incapable of caring for himself after he was taken from the train, and therefore was not in the exercise of due care. If his voluntary intoxication was a direct and proximate cause of the injury, he cannot recover. The plaintiff contends that it was not a cause, but a mere condition, well known to the defendant's servants, and that their act was the direct and proximate cause of the injury, with which no other act or omission had any causal connection. The distinction here referred to is well recognized in law. Negligence of a plaintiff at the time of an injury caused by the negligence of another is no bar to his recovery from the other, unless it was a direct, contributing cause to the injury, as distinguished from a mere condition, in the absence of which the injury would not have occurred. This is pointed out in *Steele* v. *Burkhardt,* 104 Mass. 59, and *Murphy* v. *Deane,* 101 Mass. 455. It is also considered at some length in *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. See also *Marble* v. *Ross,* 124 Mass. 44 ; *Spofford* v.

*Harlow,* 3 Allen, 176 ; *Hall* v. *Ripley,* 119 Mass. 135 ; *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 544.

The application of this rule sometimes gives rise to difficult questions. But in this connection the doctrine has been established that, when the plaintiff's negligence or wrongdoing has placed his person or property in a dangerous situation which is beyond his immediate control, and the defendant, having full knowledge of the dangerous situation, and full opportunity, by the exercise of reasonable care, to avoid any injury, nevertheless causes an injury, he is liable for the injury. This is because the plaintiff's former negligence is only remotely connected with the accident, while the defendant's conduct is the sole, direct and proximate cause of it. The principle was recognized by Mr. Justice Wells in *Murphy* v. *Deane,* 101 Mass. 455, in these words: " The last part of the instructions prayed for suggests another question, which, in certain conditions of facts, may require careful consideration ; to wit, how far the obligations and liabilities of one party are modified towards the other, after knowledge of a negligent exposure, by the latter, to danger from the acts or neglect of the former. In such case, what would otherwise have been mere negligence may become wilful or wanton wrong; or may take the place of the sole direct or proximate cause; the negligence of the other party being then regarded as a remote, and not a contributory cause." In *Hibbard* v. *Thompson,* 109 Mass. 286, we find this language: " A physician may be called to prescribe for cases which originated in the carelessness of the patient; and though such carelessness would remotely contribute to the injury sued for, it would not relieve the physician from liability for his distinct negligence, and the separate injury occasioned thereby. . . . In such cases, the plaintiff's fault does not directly contribute to produce the injury sued for." So in *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87, this court said : " But here the ground is not the fire, but an act done by the defendant after Pierce had got into the dangerous position. . . . The plaintiff's previous negligence is not a sufficient excuse for knowingly inflicting an injury upon him, or, short of that, for omitting the use of such care as is reasonable under the circumstances to avoid injuring him, even when the harm is not expected in terms."

The rule applies, in like manner, where the plaintiff's act is illegal as distinguished from negligent, so that the defendant's liability is only for wanton and reckless conduct to the plaintiff's injury. *McKeon* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 271. *Palmer* v. *Gordon,* 173 Mass. 410. *Lovett* v. *Salem & South Danvers Railroad,* 9 Allen, 557, 563. In this latter class of cases, where the negligence is wanton and reckless to such a degree as to be in its nature a wilful wrong, it is held that, although the plaintiff makes an averment of due care on his part, this means only due care in reference to the direct and proximate cause of the injury, and, such a gross wrong of the defendant being shown to be the cause, it *prima facie* so far excludes participation in it by the plaintiff, as to relieve him from the necessity of offering affirmative evidence of his care. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269. *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130. *Banks* v. *Braman,* 188 Mass. 367. The fundamental principle is the same in both classes of cases. It is that the plaintiff's condition, resulting from his previous negligence or wrong, is not a direct and proximate cause of the later injury, inflicted by one who acts independently, with knowledge of this condition and in reference to it. The principle has been generally recognized, both in England and America. *Davies* v. *Mann,* 10 M. & W. 546. *Radley* v. *London & Northwestern Railway,* 1 App. Cas. 754. *Inland & Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 551. *Memphis & Charleston Railroad* v. *Martin,* 131 Ala. 269. *Green* v. *Los Angeles Terminal Railway,* 143 Cal. 31, 41. *Isbell* v. *New York & New Haven Railroad,* 27 Conn. 393. *Indianapolis & Cincinnati Railroad* v. *Wright,* 22 Ind. 376. *Keefe* v. *Chicago & Northwestern Railway,* 92 Iowa, 182. *Atwood* v. *Bangor, Orono & Old Town Railway,* 91 Maine, 399. *Baltimore & Ohio Railroad* v. *State,* 33 Md. 542. *Buxton* v. *Ainsworth,* 138 Mich. 532. *Rawitzer* v. *St. Paul City Railway,* 93 Minn. 84. *State* v. *Manchester & Lawrence Railroad,* 52 N. H. 528. *Railroad Co.* v. *Kassen,* 49 Ohio St. 230. *Willey* v. *Boston & Maine Railroad,* 72 Vt. 120. *Richmond Traction Co.* v. *Martin,* 102 Va. 209. *Bostwick* v. *Minneapolis & Pacific Railway,* 2 No. Dak. 440.

The rule has often been applied in favor of plaintiffs whose intoxication prevented them from using care to protect them-

selves from the consequences of a subsequent act of negligence of another person, done with knowledge of their intoxication. *Wheeler* v. *Grand Trunk Railway*, 70 N. H. 607. *Kean* v. *Baltimore & Ohio Railroad*, 61 Md. 154. *Fox* v. *Michigan Central Railroad*, 138 Mich. 433. *Cincinnati, Indianapolis, St. Louis & Chicago Railroad* v. *Cooper*, 120 Ind. 469.

The question that we have been discussing was not considered in *Holland* v. *West End Street Railway*, 155 Mass. 387. It does not appear that there was evidence of negligence on the part of the defendant in that case, or that anything was done in reference to the plaintiff with knowledge of his intoxication.

*Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, is not at variance with this rule. In that case it was held by a majority of the court that the rule applicable to an action brought by one injured by a wanton and reckless act of negligence of another, which permits him to recover without affirmative evidence to sustain his averment that he was in the exercise of due care, is inapplicable to an action for death caused by such an act, brought under the St. 1886, c. 140. The decision rests upon the construction of the words "due diligence" used in that statute.

We are of opinion that the jury in the present case might have found that the plaintiff was free from any negligence that was a direct and proximate cause of the injury.

*Exceptions sustained.*