THE FLORIDA RAILWAY COMPANY, *Plaintiff in Error,* v. M. S. DORSEY, *Defendant in Error.*

1.  In an action by a passenger against a railroad company allegations that the defendant in operating and running its trains did not stop long enough to allow the plaintiff a reasonable time to alight from the car, but carelessly and negligently started said train, and carelessly put said train in violent quick motion, which said careless and negligent act threw the plaintiff violently to the ground by means of which she was injured in a specified way, states a single cause of action.

2.  Where testimony covered by special pleas is admitted under a plea of general issue, the action of the court in striking the special pleas need not be reviewed, since no harm could have resulted from striking the special pleas.

3.  In an action to recover damages for a mere negligent injury, not charged to have been wilfully, wantonly or maliciously done, where the injury would not have occurred but for the negligence of the plaintiff even though the defendant was negligent as alleged, the plaintiff having proximately contributed to the efficient cause of his own injury, cannot in general recover damages under the common law rule that where both parties are at fault the law will leave them to the consequences of their own wrong.

4.  To constitute such contributory negligence as bars recovery, the plaintiff's negligence must have been a portion of the efficient proximate cause of the injury, and the defendant's negligence must not have been wilful, wanton or malicious. If the injury was caused solely by the plaintiff's negligence, of course the defendant is not liable.

Florida Railway Co. v. Dorsey—Syllabus.

5. Public policy requires that every one shall exercise reasonable care and diligence for the protection of his own person and property; and when his failure to do this concurs with the mere negligence of another and proximately causes the injury there can be no recovery under the common law rule.

6. The common law rule of non-liability of a merely negligent defendant when the plaintiff is guilty of contributory negligence, has been modified by the statute allowing a recovery, but requiring the damages to be apportioned, where the plaintiff and the defendant are both negligent, and the injury to one not an employee is caused by the running of railroad trains or machinery, or by any person in the employment and service of a railroad company. Such enactments are within the legislative power where the limitations imposed by the constitution are observed.

7. The common law rule of duty and liability sustained by public policy does not make a common carrier an absolute insurer of the safety of its passengers, but for the purpose of stimulating efficiency in the carrier and of securing the safety and comfort of passengers in the interest of humanity and the general welfare, a common carrier is required to exercise the highest degree of care, foresight, prudence and diligence reasonably demanded at any given time by the conditions and circumstances then affecting the passenger and the carrier. This rule is not abrogated by the statute regulating the liability of railroad companies in certain cases.

8. In an action for negligence the question whether the railroad company has exercised all ordinary and reasonable care and diligence is to be determined by a consideration of the duty imposed by law upon the company under the facts and circumstances of each case that arises.

9. The care and diligence that are exercised in a given case might be all that is ordinary and reasonable with reference to one duty imposed by law because of the relation and circumstances of the parties towards each other, but it may be regarded as not being ordinary or reasonable care and diligence or as being negligence with reference to another duty.

10.   Where a person is entitled to passage on a train, he has a right to the protection due a passenger until he has safely alighted by the proper egress.

11.   The unnecessary sudden jerking of a train while a passenger is rightfully alighting is negligence.

12.   If a passenger improperly attempts to alight from a car that is in motion and is injured in doing so, such attempt may be the sole cause of the injury and may bar a recovery; but where a passenger is properly leaving a car at her destination and as she is about to step to the ground from the usual egress, the car is suddenly and violently jerked or moved when the agents of the carrier should have known she was alighting it is negligence, and if injury to her results proximately therefrom, the plaintiff has a right of action under the statute even though she is also negligent, the recovery being apportioned according to the relative negligence.

13.   Ordinary prudence requires that a passenger shall not alight from a moving car, but if the exit is properly begun while the car is stationary and the car is suddenly started with undue violence before the passenger alights, the carrier may be negligent and the passenger free from negligence.

14.   A charge that the plaintiff sues the defendant "in an action on the case and claims  *  *  *  damages for the negligence of the defendant in the operation of its train whereby the plaintiff was thrown from the steps of its passenger coach and injured as set out in her declaration which has been read in your hearing," is merely a statement of the complaint as made, and does not assume the negligence of the defendant and is not a charge upon the facts.

15.   In an action by a passenger against a railroad company for negligently starting the train before the passenger could alight, a charge that if the jury find from the evidence that when the train stopped at her destination "the plaintiff in reasonable haste commensurate with her age and incumbrance of baggage directly proceeded to alight  *  *  and that before she could clear herself from the steps of the train, the train was started with such violent motion as to throw the

plaintiff to the ground and injure her, then you should find for the plaintiff," is within the issues and is not erroneous because of the reference to the plaintiff's baggage.

16. A charge that it is the duty of a railroad company "to give a reasonably sufficient time at its stopping places for its passengers to safely alight from their trains," is not error. It is not a too high degree of duty and is within the issues.

17. To charge the jury "that a railroad company cannot promulgate an arbitrary rule for the conduct of their passengers as will exempt them from liability inflicted by their sole negligence" is not error, particularly when the remainder of the charge makes the whole more clear and entirely fair to the carrier, the promulgation of a rule being testified to.

18. It is not error for the court to charge the language of a statute applicable to the case.

19. There is no error in the charge that after reasonable alighting time for passengers has elapsed the conductor of a train should then avoid all injury to a passenger that he "possibly can when he knows or sees that she is about to suffer some damage."

20. The evidence as to the length of time the train remained stationary being without conflict a charge "that the time required for a passenger to leave a train depends upon the circumstances of each particular case, "Whether the stop on the day of this accident was reasonably sufficient under the circumstances in evidence is a question for you to determine," is not erroneous.

21. Where the facts are not conceded and the testimony as to them is conflicting, the reasonableness of the time allowed for passengers to alight from a railroad train is not a question of law.

22. It is not error to refuse to give a charge that is not entirely correct particularly when the substance of the requested charge is given in another instruction.

23.  The circuit court has authority to have a judgment entered
     in vacation after the disposition of a motion for a new trial
     properly made in the case and continued in term time.

24.  Where no errors of law appear and there is testimony to
     support the verdict, and it does not appear that the jury
     were not governed by the evidence in their finding, the judg-
     ment will be affirmed.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Taylor County.

*W. B. Davis* and *Carter & McCollum,* for Plaintiff in
Error;

*Gornto & Battle,* for Defendant in Error.

WHITFIELD, C. J.—Mrs. M. S. Dorsey, a widow, brought
an action to recover damages for personal injuries while
a passenger of the railway company. The negligence al-
leged is that the defendant in operating and running its
train did not stop long enough to allow the plaintiff a
reasonable time to alight from the car, but "carelessly and
negligently started said train   *   *   *   and carelessly
and negligently put said train in violent quick motion,
which said careless and negligent act   *   *   *   threw
the said plaintiff violently to the ground by means of
which" she was injured. The declaration was demurred
to on the grounds that it is not the carrier's legal duty to
see that a particular passenger safely leaves the train;
that the carrier's only duty is to allow the passengers in
general a reasonable time to alight unless the passenger is
decrepit and the carrier knows of it; that it is not shown
that passengers did not have a reasonable time to alight at
the time of the injury, or that plaintiff was decrepit and

defendant knew of it; that the allegations are indefinite as to whether the alleged injury was caused by the failure to give time for alighting or by the sudden and violent moving of the train. This demurrer was overruled. Judgment was recovered by the plaintiff and the railroad company took writ of error.

Overruling the demurrer was not error. Whatever may be the exact legal duty of the carrier to its passengers while alighting from a car, the allegations of the declaration above quoted show actionable negligence, and the allegations are not double or indefinite. They state a particular single right of action.

The court struck several special pleas, but as the defendant was allowed to introduce evidence under the general issue matters contemplated by the special pleas, and as the court charged fully upon the subjects, it is not necessary to consider in detail the assignments of error predicated on the striking of the special pleas.

In an action to recover damages for a mere negligent injury, not charged to have been wilfully, wantonly or maliciously done where the injury would not have occurred but for the negligence of the plaintiff even though the defendant was negligent as alleged, the plaintiff having proximately contributed to the efficient cause of his own injury, cannot in general recover damages under the common law rule that where both parties are at fault the law will leave them to the consequences of their own wrong.

To constitute such contributory negligence as bars recovery the plaintiff's negligence must have been a portion of the efficient proximate cause of the injury, and the defendant's negligence must not have been wilful, wanton or malicious. If the injury was caused solely by the plaintiff's negligence, of course the defendant is not liable. Public policy requires that every one shall exercise reasonable care and diligence for the protection of his own person and

property; and when his failure to do this concurs with the mere negligence of another and proximately causes injury there can be no recovery under the common law rule. This rule operates harshly in cases where persons have to deal with dangerous agencies which they are generally not familiar with or accustomed to, and statutes have been enacted to modify the strict common law rule in certain classes of cases where the parties are not on equal footing.

The common law rule of non-liability of a merely negligent defendant when the plaintiff is guilty of contributory negligence, has been modified by the statute allowing a recovery, but requiring the damages to be apportioned, where the plaintiff and the defendant are both negligent, and the injury to one not an employee is caused by the running of railroad trains or machinery, or by any person in the employment and service of a railroad company. Such enactments are within the legislative power where the limitations imposed by the constitution are observed. Florida East Coast R. Co. v. Lassiter, 58 Fla., 234, 50 South. Rep., 428; Stearns & Culver Lumber Co. v. Fowler, 58 Fla., 362, 50 South. Rep. 680; Atlantic Coast Line Ry. v. McCormick, decided at this term.

The common law rule of duty and liability sustained by public policy does not make a common carrier an absolute insurer of the safety of its passengers, but for the purpose of stimulating efficiency in the carrier and of securing the safety and comfort of passengers in the interest of humanity and the general welfare, a common carrier is required to exercise the highest degree of care, foresight, prudence and diligence reasonably demanded at any given time by the conditions and circumstances then affecting the passenger and the carrier. This rule is not abrogated by the statute referred to above. See Morris v. Florida Cent. & P. R. Co., 43 Fla., 10, 29 South. Rep., 541.

Whether the railroad company has exercised all ordi-

nary and reasonable care and diligence is to be determined by a consideration of the duty imposed by law upon the company under the facts and circumstances of each case that arises. Seaboard Air Line R. Co. v. Scarbrough, 52 Fla., 425, 42 South. Rep., 706.

The care and diligence that are exercised in a given case might be all that is ordinary and reasonable with reference to one duty imposed by law because of the relation and circumstances of the parties towards each other, but it may be regarded as not being ordinary or reasonable care and diligence or as being negligence with reference to another duty.

Where a person is entitled to passage on a train, he has a right to the protection due a passenger until he has safely alighted by the proper egress. Moore on Carriers, 554, and authorities cited.

The duty of the carrier to safely deliver a passenger at his desired destination involves the duty of observing whether he has actually alighted before the car is again started. If the agent of the carrier fails in this duty and does not give the passenger a reasonably sufficient time to get off before the car is started again, it is negligence, and if injury proximately results therefrom the carrier is liable in damages. The duty is due the passenger not only because of danger of injury, but also because the carrier has engaged to carry to destination and to safely deliver the passenger. The carrier having received the fares knows what passengers intend to leave the cars at any station, and before starting the cars again the agents of the carrier should see that all who are leaving the cars have safely alighted. The unnecessary sudden jerking of a train while a passenger is rightfully alighting is negligence.

If a passenger improperly attempts to alight from a car that is in motion and is injured in doing so, such at-

tempt may be the sole cause of the injury and may bar a recovery; but where a passenger is properly leaving a car at her destination and as she is about to step to the ground from the usual egress, the car is suddenly and violently jerked or moved when the agents of the carrier should have known she was alighting it is negligence, and if injury to her results proximately therefrom, the plaintiff has a right of action under the statute even though she is also negligent, the recovery being apportioned according to the relative negligence.

Ordinary prudence requires that a passenger shall not alight from a moving car, but if the exit is properly begun while the car is stationary and the car is suddenly started with undue violence before the passenger alights, the carrier may be negligent and the passenger free from negligence.

These observations will render unnecessary a detailed discussion of many assignments of error predicated upon charges given and refused.

A charge that the plaintiff sues the defendant "in an action on the case and claims  *  *  *  damages for the negligence of the defendant in the operation of its train whereby the plaintiff was thrown from the steps of its passenger coach and injured as set out in her declaration which has been read in your hearing," is merely a statement of the complaint as made, and does not assume the negligence of the defendant and is not a charge upon the facts.

A charge that if the jury find from the evidence that when the train stopped at her destination "the plaintiff in reasonable haste commensurate with her age and incumbrance of baggage directly proceeded to alight  *  * and that before she could clear herself from the steps of the train, the train was started with such violent motion

as to throw the plaintiff to the ground and injure her, then you should find for the plaintiff," is within the issues and is not erroneous because of the reference to the plaintiff's baggage. By custom and usage passengers are allowed to have baggage with them when others are not inconvenienced thereby. The plaintiff testified that she had "some parcels and a grip" in her hands as she was leaving the car. Defendant's agents should have known of the baggage the passenger had with her, and her effort to leave the car with her baggage is one of the circumstances to be considered in determining the question of negligence. The negligence alleged is the sudden and violent movement of the car before the plaintiff had time to reach the ground from the steps of the cars, and the charge was within the issue made by the plea of not guilty.

A charge that it is the duty of a railroad company "to give a reasonable sufficient time at its stopping places for its passengers to safely alight from their trains," is not error. It is not a too high degree of duty and is within the issues.

To charge the jury "that a railroad company cannot promulgate an arbitrary rule for the conduct of their passengers as will exempt them from liability inflicted by their sole negligence" is not error, particularly when the remainder of the charge makes the whole more clear and entirely fair to the carrier, the promulgation of a rule being testified to. Louisville & Nashville R. Co. v. Berry, 58 Fla., 300, 50 South. Rep., 579. It is not error for the court to charge the language of a statute applicable to the case. Section 3148 of the General Statutes of 1906 is applicable to this case and may be given in full in a charge to the jury, the last provision in it that "the presumption in all cases being against the company" having reference only to the burden of proof cast by the statute in the par-

ticular case. Atlantic Coast Line R. Co. v. Crosby, 53 Fla., 400, 43 South. Rep., 318.

There is no error in the charge that after reasonable alighting time for passengers has elapsed the conductor of a train should then avoid all injury to a passenger that he "possibly can when he knows or sees that she is about to suffer some damage." The conductor testified that when he thought all passengers were out, he signaled the train to start, it started off slowly and he then saw the lady coming down the steps and called to her to "wait a minute and I will stop the train for you." It was for the jury to determine whether the carrier had discharged its duty under the circumstances. A very high degree of care was required of the carrier under the circumstances stated in the evidence.

The evidence as to the length of time the train remained stationary is not without conflict and a charge "that the time required for a passenger to leave a train depends upon the circumstances of each particular case. Whether the stop on the day of this accident was reasonably sufficient under the circumstances is a question for you to determine," is not erroneous.

As the facts were not conceded and the testimony as to them was conflicting, the reasonableness of the time allowed for passengers to alight was not a question of law in this case.

A charge requested by the defendant as to the duty of the conductor to assist passengers to alight was incorrect as it referred to the courtesy shown "female passengers in some instances," and the substance of the charge was properly given by the court in its general charge.

Further discussion of the charges seems to be unnecessary. No fatal error appears in the action of the court thereon. The verdict has testimony to support it, and it

does not appear that the jury were not governed by the evidence in their finding.

The court had authority to have the judgment entered in vacation after the disposition of the motion for new trial properly made and continued during a term. See McGee v. Ancrum, 33 Fla., 499, 15 South. Rep., 231.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, HOCKER and PARKHILL, J. J., concur.

COCKRELL, J., absent, concurred in the opinion as prepared.