**GLADYS LOFTIN, by her next friend Walter Loftin, and WALTER LOFTIN, v. FLORIDA CITIES BUS CO., a Florida Corporation.**

32 So. (2nd) 166                                    June Term, 1947
October 14, 1947                                       Division A

*Harry Goodmark,* for appellant.

*Earnest, Lewis & Smith,* for appellee.

TERRELL, J.:

Gladys Loftin and Walter Loftin brought a common law action against Florida Cities Bus Co. to recover damages for personal injuries to the former and for loss of consortium, etc., as to Walter Loftin. A demurrer to the declaration was sustained, final judgment was entered in favor of the defendant and the plaintiffs appealed.

The sole question brought here for determination is the sufficiency of the declaration to state a cause of action.

The declaration was in eight counts. We are of the view that counts one, two, three and four were fatally defective and that the demurrer was properly sustained as to them. As

to counts five, six, seven and eight, we think the demurrer to the declaration should have been overruled.

At the time of the accident that resulted in the injury to Gladys Loftin, she was attempting to alight from a bus of the defendant. She had been transported to her destination and was "great with child." After reciting the formal parts and alleging the obvious condition of the plaintiff, by reason of which she was handicapped in her power of movement, and was in need of assistance to alight from the bus, count five of the declaration alleges the following: "that as a proximate result of Defendant's agent and driver of said bus negligently and carelessly failing to render assistance to your Plaintiff in descending said steps of said bus heretofore described, your Plaintiff attempted to descend said steps and before she had gotten off of the steps of said bus, the bus was negligently and carelessly suddenly started, throwing your Plaintiff into the street."

Counts six, seven and eight contain similar allegations which when taken with the other allegations of counts five to eight inclusive, relieve them from the infirmity rendering counts one to four inclusive vulnerable to demurrer. The quoted allegations when read with other allegations sufficiently allege the relation of passenger and carrier and that defendant's negligence contributed to the plaintiff's injury. The allegations in other words are sufficient to present a triable issue.

When a common carrier assumes responsibility for transporting a passenger in an obviously delicate condition it is charged with the exercise of a degree of care commensurate with the condition of the passenger, to the end that it be transported and delivered to destination safely. Such a degree of care may require personal assistance in boarding or alighting from the bus or other vehicle. Certainly it contemplates safe instrumentalities in which to ride.

It follows that the judgment appealed from is affirmed as to counts one, two, three and four, but it is reversed as to counts five, six, seven and eight.

Affirmed in part, reversed in part.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.