THOMAS, Justice.
The circuit judge granted the motion of the defendant, now appellee, to dismiss the second amended complaint of the plaintiff, now appellant, reciting in his order that the plaintiff declined further to amend.
The sole question presented to this court is whether or not the cause of action was-so well stated that the attack upon the-pleading should have failed. According to its allegations the appellant paid her fare and became a passenger on one of appellee’s buses and was bound for a visit to her physician at Five Points. The appellant was 67 years of age and weighed 210 pounds. One of her arms had been recently broken and she carried it in a cast.
When the time came for appellant to alight, the bus had stopped at an angle to the curb so that the front was but a few inches way while the rear door was from 18 to 24 inches distant. The front door of the bus was so arranged that it would remain open for the free entrance and exit of passengers; the rear one was so constructed that a passenger leaving had to hold it open in order to pass. When the bus stopped, the appellant undertook to leave through the forward door but was ordered by the driver to use the rear door. She tried to follow his instruction, but could not, because of the space between the step and the curb and her disability, hold the door open and step down at the same time. Consequently, the door closed upon her dress, her step missed the curb, she fell into the street and was injured.
 We think the appellant should have been permitted to prove what she alleged for the factual situation set out in her complaint was the antithesis of the care which she was entitled to receive as a passenger of the appellee-common carrier. Florida R. Co. v. Dorsey, 59 Fla. 260, 52 So. 963, 966. It was held in that case that a “common carrier is required to exercise the highest degree of care, foresight, prudence, and diligence reasonably demanded at ány given time by the conditions and circumstances then affecting the passenger and the carrier.” The appellee dismisses this authority, with the simple statement that it did not involve a situation where the passenger was sick or infirm. But we do riot understand how the principle announced there would be inapposite here. The fact that the appellant was infirm would be the more reason for application of the rule to the present controversy.
The appellant directs us to the decision of this court in Tampa Electric Co. v. Fleischaker, 152 Fla. 701, 12 So.2d 901, 902, in which it was held that the high degree of care imposed on a carrier requires it *545 to take notice of a pássénger’s mental or physical disability and to act accordingly. In that case an elderly passenger was “invited * * * to get off” a street car without assistance and without warning that the place was unsafe. In referring to that decision in its brief, the appellee observes merely that the declaration was not attacked, but it is difficult for us to understand how the discussion of the prevailing principle could have been affected by the lack of an assault on the declaration.
The last case cited by appellant is Loftin v. Florida Cities Bus Co., 159 Fla. 514, 32 So.2d 166, 167. It appears that the plaintiff in that case, who was pregnant, attempted to alight from a bus. Her condition was so obvious as to serve notice on the operator of the bus that she was in need of assistance. It was held that “[w]hen a common carrier assumes responsibility for transporting a passenger in an obviously delicate condition it is charged with the exercise of a degree of care commensurate with condition of the passenger, to the end that [the passenger] be transported and delivered to destination safely.” That degree of care, continued the court, “may require personal assistance in boarding or alighting from the bus or other vehicle.”
The appellee undertakes to distinguish between the last two cited cases and the present case on the ground that they “involved situations where the passenger was disabled” while, presumably, that element is not present here, and points to the presence in the declaration filed in the case last cited • of averments both that the passenger was plainly enceinte and in need of aid in leaving the bus.
' When the fundamental principle is borne' in mind,- the attempts at distinction seem futile.
The appellant relied on these three decisions and well she might. It was plain to the operator of the bus that she was handicapped by a combination of age, weight and injury. At a time when she needed help she seems to have met hindrance. She tried to leave through the door of the bus that remained open and at a place where she could have easily stépped to the curb. She was sent to the door that had to be held' open, and forced to take a step that was hazardous. According to the allegations of. her complaint she was not given the attention she deserved as a passenger, and we have detected in them nothing justifying the construction that she was guilty of contributory negligence.
We conclude that a cause of action was stated in the complaint and that it was error to dismiss it and enter judgment for the appellee.
The judgment is reversed with directions to proceed accordingly.
Reversed.
DREW, C. J., ROBERTS, J., and’’ CARROLL, Associate Justice, concur.