No. 20153

**GREGORY DiBELLA**

v.

**ERNEST MENDEZ, ET AL**

*Present*: Adlow, C. J., Lewiton & Shamon, JJ.

Case tried to *Morrissey, J.* in the Municipal Court of the City of Boston.

(June 8,—June 26, 1962)

*Adlow, C. J.* Action of tort for negligence.

*At the trial there was evidence tending to show that* the plaintiff's vehicle became stalled on Columbus Avenue at Tremont Street in Boston on May 6, 1959 at a point within fifteen feet of the service station in which the defendant was employed, and that the

plaintiff asked the defendant to fix his stalled auto, but was informed by the defendant that he was not a mechanic. Because the plaintiff's car was blocking traffic, he asked the defendant to push his car out of the way, and the defendant said he would do it for him as a favor. Acting under the guidance of the plaintiff, the defendant moved his car up to the plaintiff's car, and proceeded to push the car slowly. When the defendant discovered that the plaintiff was not steering his car to the side of the road, but into the service station he applied his brakes. At this time it was apparent that the bumpers had locked; the defendant resumed pushing the car into the service station, and thereafter helped the plaintiff push his car into the street.

No other facts than those set forth above appear in the report. The court found that there was a gratuitous undertaking by the defendant and that the defendant was not negligent. Claiming to be aggrieved by the finding for the defendant, the plaintiff brings this report.

■ An examination of the court's disposition of the plaintiff's requests for rulings reveals no error. The court properly ruled that when the defendant undertook to push the plaintiff's car, he was bound to exercise due care. *Black v. NY NH & H RR Co.*, 193 Mass. 448; *Prosser* on torts, pp. 194-196.

■ Whether the undertaking was for reward or gratuitous is immaterial. The duty

of care imposed on the defendant was the same whether gratuitous or otherwise.

The sole question for the court was whether, under the circumstances, the defendant had exercised due care. On the reported facts the court was amply warranted in ruling that he had. *Report dismissed.*

Gladys Shapiro, of Boston, for the Plaintiff.

James M. McDonnell, of Boston, for the Defendant.