J. ARTHUR MICHON & another *vs.* METROPOLITAN TRANSIT AUTHORITY.

Middlesex.   October 2, 1962. — October 31, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Street railway: subway station.

In an action against a street railway by a woman whose leg, as she was about to enter a subway train, went down into a space between the car and the station platform, evidence that a starter of the defendant "yanked" the plaintiff out in one motion and that her leg was injured thereby warranted a finding of negligence on the part of the starter.

TORT.   Writ in the Superior Court dated October 31, 1957.

The action was tried before *Nagle, J.*

*Charles S. Walkup, Jr.,* for the defendant.

*Robert W. Kent* (*Rocco Liberatore, Jr.,* with him) for the plaintiffs.

WILLIAMS, J.   This is an action of tort by Solange G. Michon, hereinafter referred to as the plaintiff, to recover for personal injuries, and by her husband, J. Arthur Michon, to recover for consequential damages, resulting from an accident to the plaintiff at the Washington Street subway station of the defendant in Boston on the afternoon of December 22, 1956.

There was evidence that in entering a car of the subway train the plaintiff stepped into a space from four to six inches wide between the car and the platform and that her left leg went down as far as her thigh so that she found herself in a sitting position on the platform. She called for help and a starter of the defendant came to her assistance. He lifted her from behind by placing his hands under her arms, and took her to a bench from which she was later taken to a hospital.

She testified that the starter "yanked" her out in one motion and that "when he yanked her out she felt as if her knee ripped apart; that she felt terrible pain in her leg and she yelled . . . that she experienced no pain in her left leg when she went down; . . . [but] as she was being pulled out of the space her knee and side of her leg met resistance."

The starter testified that he lifted her "straight," that she came up easily, and that he did not hear her cry out, but that after she reached the bench she complained of her leg and that "her knee appeared to be bruised."

The case is here on the defendant's exceptions to the denial of its motion for directed verdicts and a subsequent denial of a motion for entry of verdicts in its favor after verdicts for the plaintiffs had been recorded under leave reserved. There appears to have been no error. Plainly, it was the duty of the starter to extricate the plaintiff from her predicament. It was a question for the jury whether he was negligent in using unnecessary force in lifting her to the platform and thereby causing her to be injured. See *Black* v. *New York, N. H. & H. R.R.* 193 Mass. 448, 450.

*Exceptions overruled.*