PER CURIAM.
By this appeal, the appellant [plaintiff in the trial court] seeks review of an adverse final judgment entered on a directed verdict and a previous order striking a count of her amended complaint.
The record reveals the following: The appellant filed an amended complaint against the appellee City and certain of its police officers, alleging in Count I thereof that the employees of the municipality negligently operated a motor vehicle while the appellant was an occupant thereof and, in Count II thereof, alleging that the employees of the municipality had arrested the appellant while she was under the influence of alcohol, *286 obviously intoxicated and with impaired faculties; that she was placed in a “paddy wagon” and the appellees were liable to her for injuries sustained because of a failure to have a custodian in the rear of the “paddy wagon” and/or they failed to secure her to the seat therein. The trial judge struck Count II, and the cause came on for trial upon the allegations in Count I as to negligence.
The only evidence tendered by the appellant as to the negligent operation of the vehicle was that it made a “rough turn”. At the conclusion of the plaintiff’s case, the trial judge directed a verdict for the defendants. Subsequently, a final judgment was entered thereon and this appeal ensued. We affirm. See: Swilley v. Economy Cab Co. of Jacksonville, Fla.1950, 46 So.2d 173; Blackman v. Miami Transit Co., Fla.App. 1960, 125 So.2d 128; Jacksonville Coach Company v. Rivers, Fla.1962, 144 So.2d 308; 17 A.L.R.2d 1085, 1095.
Affirmed.